1  SEYFARTH SHAW LLP
   Jamie C. Pollaci (SBN 244659)
2  E-mail: jpollaci@seyfarth.com
   Catherine S. Feldman (SBN 299060)
3  E-mail: cfeldman@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
5  Facsimile:   (310) 201-5219

6  Attorneys for Defendant
   FLOOR AND DECOR OUTLETS OF
7  AMERICA, INC.

8

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12

13  DAVID KOVALSKY, an individual,          Case No. 2:22-cv-8872

14              Plaintiff,                   **DEFENDANT FLOOR AND DECOR
                                            OUTLETS OF AMERICA, INC.'S
15       v.                                 NOTICE OF REMOVAL OF CIVIL
                                            ACTION TO THE UNITED STATES
16  FLOOR AND DECOR OUTLETS OF              DISTRICT COURT**
    AMERICA, INC, a Delaware corporation;
17  TIMOTHY FRONING, an individual;         **[28 U.S.C. §§ 1332, 1441, AND 1446]**
    GRETCHEN TOTH, an individual; and
18  DOES 1 through 20, inclusive,           [Los Angeles County Superior Court
                                            Case No. 22STCV33282]
19              Defendants.
                                            Complaint Filed:     October 12, 2022
20

21

22

23

24

25

26

27

28

---

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

89072901v.8

# <u>TABLE OF CONTENTS</u>

I.    BACKGROUND ...................................................................................1

II.   TIMELINESS OF REMOVAL ...........................................................3

III.  DIVERSITY OF CITIZENSHIP JURISDICTION .............................3

    A.    Plaintiff Is A Citizen Of California. ..............................................3

    B.    Defendant Floor And Decor Outlets Of America, Inc. Is A Citizen Of Delaware And Georgia, Not California. .........................................4

    C.    Froning Is A Citizen Of The State Of Arizona, Not California. .....5

    D.    Toth Is A Citizen Of California, But Because Toth Is A Sham Defendant, Her Citizenship Should Be Disregarded For Determining Diversity. ......................................................................................6

    E.    Doe Defendants Are Disregarded For Diversity. ..........................11

IV.   AMOUNT IN CONTROVERSY ........................................................11

        1.    Alleged Lost Wages .............................................................12

        2.    Alleged Unpaid Commission Wages .....................................14

        3.    Alleged Penalties ..................................................................14

        4.    Alleged Emotional Distress Damages ...................................15

        5.    Alleged Punitive Damages ....................................................16

        6.    Alleged Attorneys' Fees And Costs ......................................16

V.    VENUE ...............................................................................................18

VI.   NOTICE OF REMOVAL ....................................................................18

VII.  PRAYER FOR REMOVAL ................................................................19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Aboulafia v. GACN Inc.*,
  2013 WL 8115991 (Los Angeles Sup. Ct.) ....................................................... 16

*Ackerman v. Western Elec. Co., Inc.*,
  643 F. Supp. 836 (N.D. Cal. 1986) .................................................................. 13

*Armstrong v. Church of Scientology Int'l*,
  243 F.3d 546 (9th Cir. 2000) ......................................................................... 4, 5

*Brady v. Mercedes-Benz USA, Inc.*,
  243 F. Supp. 2d 1004 ....................................................................................... 17

*Cassino v. Reichhold Chemicals, Inc.*,
  817 F.2d 1338 (9th Cir. 1997) ......................................................................... 13

*Castanon v. Int'l Paper Co.*,
  2016 WL 589853 (C.D. Cal. February 11, 2016) ............................................ 4

*Conney v. University of California Regents*,
  2004 WL 1969934 (Los Angeles County Sup. Ct., July 27, 2004) .................. 15

*Conrad Assocs. v. Hartford Accident & Indemnity Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998) ................................................................ 12

*Crum v. Circus Circuit Enters.*,
  231 F.3d 1129 (9th Cir. 2000) ......................................................................... 13

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
  325 F.2d 785 (9th Cir. 1963) ..................................................................... 12, 16

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) .......................................................................... 4

*Denenberg v. California Dep't of Trans.*,
  2007 WL 2827715 (San Diego County Superior Court) (Sept. 14, 2006) ................... 17

*Fristoe v. Reynolds Metals, Co.*,
  615 F.2d 1209 (9th Cir. 1980) ......................................................................... 11

*Fritsch v. Swift Transp.*,
  899 F. 3d 785 (9th Cir. 2018) ......................................................................... 17

*Gallegos v. Los Angeles City College*,
  2003 WL 23336379 (Los Angeles County Superior Court) (Oct. 16,
  2003) ................................................................................................................ 17

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1998) ................................................................... 12, 16

ii

*Gasnik v. State Farm Ins. Co.*,
   825 F. Supp. 245 (E.D. Cal. 1992) ............................................................... 7

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) ...................................................................... 12

*Glenn-Davis v. City of Oakland*,
   No. C 02-2257 SI, 2008 WL 410239 (N.D. Cal. 2008) .............................. 13

*Hamilton Mat. Inc. v. Dow Chem. Corp.*,
   494 F.3d 1203 (9th Cir. 2007) .................................................................... 11

*Hertz Corp. V. Friend*,
   559 U.S. 77 (2010) ........................................................................................ 5

*James v. Childtime Childcare, Inc.*,
   No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543 (E.D. Cal. June 1,
   2007) ........................................................................................................... 13

*Kantor v. Wellesley Galleries, Inc.*,
   704 F.2d 1088 (9th Cir. 1983) ................................................................. 3, 5

*Kell v. AutoZone Inc.*,
   No. 07AS04375, 2010 WL 1347162 (Sacramento Sup. Ct., Jan. 21, 2010) ............... 15

*Leimandt v. Mega RV Corp.*,
   2011 WL 2912831 (Orange County Sup. Ct.) .............................................. 16

*Lewis v. Time, Inc.*,
   83 F.R.D. 455 (E.D. Cal. 1979), aff'd, 710 F.2D 549 (9th Cir. 1983) .......... 6

*Lyon v. W.W. Grainger Inc.*,
   2010 WL 1753194 (N.D. Cal. Apr. 29, 2010) ............................................. 17

*McCabe v. Gen. Foods Corp.*,
   811 F.2d 1336 (9th Cir. 1987) ...................................................................... 6

*McMillan v. City of Los Angeles*,
   2005 WL 3729094 (Los Angeles County Superior Court) (March 21,
   2005) ........................................................................................................... 17

*Morris v. Princess Cruises, Inc.*,
   236 F.3d 1061 (9th Cir. 2001) ...................................................................... 6

*Nguyen v. Durham Sch. Servs., L.P.*,
   2016 WL 3436381 (C.D. Cal. June 16, 2016) (denying motion to remand
   and finding individual was a sham defendant, and noting, "the California
   Supreme Court held that such IIED claims are preempted by the WCA
   because '[t]he kinds of conduct at issue (e.g., discipline or criticism) are a
   normal part of the employment relationship.'") .......................................... 10

*Richmond v. Allstate Ins. Co.*,
   897 F. Supp. 447 (S.D. Cal. 1995) .............................................................. 16

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

*Ritchey v. Upjohn Drug Co.*,
   139 F.3d 1313 (9th Cir. 1998), cert. denied, 525 U.S. 963 (1998) ............................ 6

*Sanchez v. Monumental Life Ins.*,
   102 F.3d 398 (9th Cir. 1996) .................................................................................... 11

*Secru v. Laboratory Corp. of America*,
   No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763 (D. Nev. Nov. 9,
   2009) ......................................................................................................................... 13

*Silverman v. Stuart F. Cooper Inc.*,
   2013 WL 5820140 (Los Angeles Sup. Ct.) ............................................................. 15

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) ................................................................................ 3, 5

*TPS Utilicom Serv., Inc. v. AT&T Corp.*,
   223 F.Supp.2d 1089 (C.D. Cal. 2002) ...................................................................... 6

*Traxler v. Multnomah County*,
   569 F.3d 1007 (9th Cir. 2010) ................................................................................. 13

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) ................................................................................. 11

*Ward v. Cadbury Schweppes Bottling Grp.*,
   2011 WL 7447633 (C.D. Cal.) ................................................................................. 16

*Welch v. Ivy Hill Corp.*,
   2011 WL 3293268 (Los Angeles Sup. Ct.) .............................................................. 16

**State Cases**

*Agarwal v. Johnson*,
   25 Cal. 3d 932 (1979) ................................................................................................ 9

*Alcorn v. Anbro Eng., Inc.*,
   2 Cal. 3d 493 (1970) .................................................................................................. 9

*Caliber Bodyworks, Inc. v. Sup. Ct.*,
   134 Cal. App. 4th 365 (2005) .................................................................................. 15

*Cole v. Fair Oaks Fire Protect. Dist.*,
   43 Cal. 3d 148 (1987) .............................................................................................. 10

*Etter v. Veriflo Corp.*,
   67 Cal. App. 4th 457 (1998) ...................................................................................... 8

*Fermino v. Fedco, Inc.*,
   7 Cal. 4th 701 (1994) ............................................................................................... 10

*Fisher v. San Pedro Peninsula Hosp.*,
   214 Cal. App. 3d 590 (1989) ..................................................................................... 8

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

89072901v.8

*Guthrey v. State of California*,
    63 Cal. App. 4th 1108 (1998) ................................................................ 8

*Hughes v. Pair*,
    46 Cal. 4th 1035 (2009) ................................................................. 8, 9

*McCoy v. Pacific Maritime Ass'n*,
    216 Cal. App. 4th 283 (2013) ............................................................. 9

*Ortiz v. Dameron Hospital Assn.*,
    37 Cal. App. 5th 568 (2019) ............................................................. 8

*Plaintiff v. Keurig Dr. Pepper Inc., a Delaware corporation; and Does 1-50, inclusive, Defendants*,
    Case No. CIV-SB-2129375 ............................................................... 1

*White v. Ultramar, Inc.*,
    21 Cal. 4th 563 (1999) .................................................................. 9

**Federal Statutes**

28 U.S.C. § 1332 ......................................................................... 11

28 U.S.C. § 1332(a) ..................................................................... 12

28 U.S.C. § 1332(a)(1) ............................................................... 3, 17

28 U.S.C. § 1332(c)(1) ................................................................... 5

28 U.S.C. § 1391(a) ..................................................................... 18

28 U.S.C. § 1441(a) ............................................................. 3, 11, 18

28 U.S.C. § 1446(a) ..................................................................... 18

28 U.S.C. § 1446(b) ...................................................................... 3

28 U.S.C. § 1446(b)(2)(B) ................................................................. 3

28 U.S.C. § 1446(d) ..................................................................... 18

**State Statutes**

Business and Professions Code §§ 17200, et seq. .......................................... 1

Cal. Civ. Proc. Code § 170.6 ............................................................. 2

Cal. Civ. Proc. Code § 340(a) ........................................................... 15

Cal. Code Civ. Proc. § 415.30(c) ......................................................... 3

Cal. Lab. Code § 201 ..................................................................... 1

Cal. Lab. Code § 202 ..................................................................... 1

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

Cal. Lab. Code § 203 .................................................................................................. 1

Cal. Lab. Code § 203 ................................................................................................ 14

Cal. Lab. Code § 204 .................................................................................................. 1

Cal. Lab. Code § 222 .................................................................................................. 1

Cal. Lab. Code § 226 ........................................................................................... 14, 15

Cal. Lab. Code § 226(a) ....................................................................................... 14, 15

Cal. Lab. Code § 226(e)(1) ....................................................................................... 15

Cal. Lab. Code § 1102.5 ......................................................................................... 1, 14

Cal. Lab. Code § 1102.5(f) ....................................................................................... 14

Cal. Lab. Code § 1194 ................................................................................................ 1

Cal. Lab. Code § 1198 ................................................................................................ 1

Cal. Lab. Code § 2600(a) .......................................................................................... 10

Cal. Lab. Code § 2602(a) .......................................................................................... 10

Cal. Lab. Code § 3600 et seq. ................................................................................... 10

California Government Code § 12940 et seq. ............................................................... 1

**Rules**

Federal Rules of Civil Procedure Rule 21 ................................................................... 6

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

89072901v.8

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF DAVID KOVALSKY AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Floor and Decor Outlets of America, Inc. ("Defendant")[1] hereby removes the above-referenced action from the Superior Court for the County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446, based on diversity of citizenship jurisdiction.  This removal is proper for the following reasons.

## I.    BACKGROUND

1.    On October 12, 2022, Plaintiff David Kovalsky ("Plaintiff") filed a complaint in the Superior Court of California for the County of Los Angeles entitled *David Kovalsky, an individual, Plaintiff v. Floor and Decor Outlets of America, Inc., a Delaware corporation; Timothy Froning, an individual; Gretchen Toth, an individual; and Does 1-20, inclusive, Defendants*, Case No. 22STCV33282 (the "State Court Action").

2.    In the State Court Action, Plaintiff asserts 16 causes of action for: (1) Age Discrimination in Violation of FEHA; (2) Whistleblower Retaliation in Violation of Labor Code Section 1102.5; (3) Retaliation in Violation of FEHA; (4) Hostile Work Environment/Harassment; (5) Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of California Government Code § 12940 et seq.; (6)  Wrongful Termination in Violation of Public Policy; (7) Unlawful, Unfair, and Fraudulent Business Practices in Violation of Business and Professions Code §§ 17200, et seq.; (8) Conversion of Wages; (9) Failure to Pay Commissions in Violation of Labor Code 201-204, 1194, 1198, and IWC Wage Orders; (10) Waiting Time Penalties; (11) Breach of Oral Agreement; (12) Breach of Written Agreement; (13) Breach of Contract in Violation of Labor Code Section 222 Withholding Part of Wages; (14) Breach of Implied Covenant

---

[1] Unserved defendants need not join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A).

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

of Good Faith and Fair Dealing; (15) Failure to Provide Accurate Itemized Wage Statements; and (16) Intentional Infliction of Emotional Distress (the "Complaint").

3.   On October 20, 2022, Defendant received via email through its counsel, the Summons; the Civil Case Cover Sheet; the Complaint; the Notice of Case Assignment; and the Notice of Acknowledgment of Receipt form.  A true and correct copy of these documents received by Defendant and the email transmitting the documents is attached as **Exhibit A.**

4.   On November 8, 2020, Defendant signed and returned to Plaintiff the signed Notice of Acknowledgement of Receipt form.  A true and correct copy of the signed Notice of Acknowledgment of Receipt form is attached as **Exhibit B.**

5.   On December 5, 2022, Defendant filed an Answer in Los Angeles County Superior Court in the State Court Action.  A true and correct copy of the Answer filed is attached as **Exhibit C.**

6.   On December 6, 2022, Defendant filed a Peremptory Challenge of Judge Michael Stern pursuant to California Civil Code of Procedure section 170.6.  A true and correct copy of the Peremptory Challenge and supporting declaration of Catherine Feldman is attached as **Exhibit D**.

7.   Defendant has not filed or received any other pleadings or papers, other than the pleadings and papers described as **Exhibit A, Exhibit B, Exhibit C**, and **Exhibit D** in this action prior to this Notice of Removal.

8.   In the State Court Action, the Court has set an Order to Show Cause Re: Failure to File Proof of Service for December 7, 2022 and a Case Management Conference for January 10, 2023.  No other hearings or conferences have been requested by the parties or set by the Court.

9.   Defendant is informed and believes that neither Timothy Froning nor Gretchen Toth has been served with the Summons and Complaint at the time of the filing of this removal.

10.    As discussed in greater detail below, Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Georgia.  Plaintiff also names Gretchen Toth and Timothy Froning as Defendants.  Froning is a citizen of Arizona.  Toth is a citizen of California, but is a "sham" defendant, such that, for purposes of diversity of citizenship jurisdiction, she should be disregarded.

## II.    TIMELINESS OF REMOVAL

11.    This Notice of Removal is timely as it is filed within 30 days of service of a copy of the Summons and Complaint on Defendant in this action on November 8, 2022. 28 U.S.C. § 1446(b).  Defendants have 30 days after service to file a Notice of Removal. 28 U.S.C. § 1446(b)(2)(B).  When a plaintiff serves the summons and complaint by a Notice of Acknowledgment of Receipt form, service is deemed complete on the date the defendant signs the acknowledgment, if such acknowledgment is thereafter returned to the plaintiff.  Cal. Code Civ. Proc. § 415.30(c).  Defendant timely signed the Notice of Acknowledgment of Receipt on November 8, 2022, within the 20 days provided for the form to be signed and returned.

## III.    DIVERSITY OF CITIZENSHIP JURISDICTION

12.    The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  Defendant may remove this action from state to federal court pursuant to 28 U.S.C. section 1441(a), as it is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Plaintiff Is A Citizen Of California.

13.    Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must  . . . be domiciled in the state.").  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

1    domicile"). Citizenship is determined by the individual's domicile at the time that the

2    lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir.

3    2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state

4    of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*,

5    797 F.2d 747, 750 (9th Cir. 1986)).

6        14.    Plaintiff alleges in the Complaint that "at all times relevant hereto, [he] was

7    and is a resident of the State of California." (Ex. A, Complaint ¶ 3.) Further evidence

8    that Plaintiff resides in California can be found in the fact that, during his employment

9    with Defendant, he listed his home address in Valencia, California as his residence for

10   general communication purposes, payroll checks, and tax withholdings. (Declaration of

11   Jonathan Maule ("Maule Decl."), ¶ 4.) A public records search provided further evidence

12   that Plaintiff resides in Valencia, California and has lived in Los Angeles County since at

13   least 1978. (Declaration of Catherine Feldman ("Feldman Decl."), ¶ 5.)

14       15.    Therefore, Plaintiff is, and at all times since the commencement of this

15   action has been, a resident and citizen of the State of California.

16   **B. Defendant Floor And Decor Outlets Of America, Inc. Is A Citizen Of Delaware And Georgia, Not California.**

17       16.    Defendant is not now, nor was it at the time this action commenced, a citizen

18   of the State of California. Rather, it is and was a citizen of Delaware and Georgia. For

19   diversity purposes, a "corporation is a citizen of (1) the state under whose laws it is

20   organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v.*

21   *HSBC Bank Nevada*, *N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009)(citing 28 U.S.C.

22   1332(c)(1); *Castanon v. Int'l Paper Co.*, 2016 WL 589853, at *2 (C.D. Cal. February 11,

23   2016). Under the "never center" test, the principal place of business is the state where the

24   "officers direct, control, and coordinate" the corporation's activities and where the

25   corporation maintains its headquarters:

26           We conclude that 'principal place of business' is best read as

27           referring to the place where a corporation's officers direct,

28

4

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'  **And in practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, i.e. the 'nerve center.'**

*Hertz Corp. V. Friend*, 559 U.S. 77, 92-93 (2010) (emphasis added).

17.    Defendant is incorporated under the laws of Delaware, and its principal place of business is in Georgia.  (Maule Decl., ¶¶ 6 & 7.)  Defendant maintains corporate headquarters in Georgia, and its high-level officers direct, control, and coordinate the corporation's activities from these headquarters.  (Maule Decl., ¶ 7.)  Additionally, the majority of Defendant's executive and administrative functions are performed in or directed from Georgia, including corporate finance, accounting, purchasing, marketing, legal and information systems.  (*Id.*)  Accordingly, Defendant was at the time this action was commenced, and remains today, a citizen of the States of Delaware and Georgia within the meaning of 28 U.S.C. section 1332(c)(1), and not a citizen of the State of California.

## C.    Froning Is A Citizen Of The State Of Arizona, Not California.

18.    Individual Defendant Froning is and, at all times since the commencement of this action has been, a resident and citizen of the State of Arizona.  Plaintiff alleges in the Complaint that Froning "is an individual residing in the State of Arizona."  (Ex. A, Complaint ¶ 5; *see also* Declaration of Timothy Froning, filed concurrently herewith, ¶ 4.)  *Kantor*, *supra*, 704 F.2d at 1090 ("To show state citizenship for diversity purposes under federal common law a party must  . . . be domiciled in the state."); *see also, Dyer*, *supra*, 19 F.3d at 520 ("the place of residence is prima facie the domicile."); *Armstrong supra*, 243 F.3d at 546 ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

19.     Therefore, Froning is, and at all times since the commencement of this action has been, a resident and citizen of the State of Arizona.

### D.     Toth Is A Citizen Of California, But Because Toth Is A Sham Defendant, Her Citizenship Should Be Disregarded For Determining Diversity.

20.     Plaintiff alleges in the Complaint that individual Defendant Toth "is an individual who lives in the state of California."  (Ex. A, Complaint ¶ 6.)  However, Toth must be disregarded for purposes of diversity because she is a "sham" defendant, i.e., she cannot be found liable as a matter of law.  *See, e.g.*, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (holding that removal based on diversity of citizenship was proper and that district court "correctly ignored" joinder of a resident defendant after it was shown that plaintiff "could not possibly prevail" on her claim against the resident defendant); *TPS Utilicom Serv., Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1100-01 (C.D. Cal. 2002) ("Section 1441(b) does not prevent removal of an action to which the plaintiff fraudulently joins resident defendants.").

21.     Toth is a sham defendant because she has been fraudulently named.  Joinder of a defendant is fraudulent and a "sham" if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint.  *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("[F]raudulently joined defendants will not defeat removal on diversity grounds."), cert. denied, 525 U.S. 963 (1998); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), aff'd, 710 F.2D 549 (9th Cir. 1983) (a sham defendant is to be ignored for purposes of removal).

22.     If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any

6
NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

party ... at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248-249 (E.D. Cal. 1992).

23.    Plaintiff's Complaint asserts 16 causes of action, all of which allegedly arise from an employment dispute with his former employer, Defendant.  Only two of the causes of action (age harassment and intentional infliction of emotional distress ("IIED")) are asserted against Toth.  As shown below, both are fraudulently included against Toth and, based on the alleged facts, Toth's dismissal is warranted.

24.    Toth was a mere co-worker of Plaintiff's (*See* Ex. A, Complaint ¶ 37.) While she appears as a defendant in the caption of the Complaint, Plaintiff alleges no actionable conduct by Toth.  **Specifically, the following three allegations are the <u>only</u> allegations against Toth in the entire Complaint:**

- Toth purportedly attempted "to steal opportunities within SalesForce from Plaintiff.  Plaintiff further asserts that Toth and Froning eventually began conspiring with one another to engage in the harassing conduct of removing Plaintiff's opportunities."  (Ex. A, Complaint ¶ 37.)

- "In or around November 2021, Plaintiff noticed that Toth altered one of Plaintiff's opportunities within SalesForce to reflect that she successfully converted the opportunity despite Plaintiff having worked on the sale for several months and Toth having no involvement in the opportunity whatsoever."  (Ex. A, Complaint ¶ 39.)

- "In or around January 2022, Plaintiff noticed that Toth removed several 'opportunities' from him within SalesForce, many of which were in locations outside of Toth's area of operations.  Plaintiff messaged Toth on SalesForce using the 'chatter' function and asked her why she was removing the opportunities from him.  Toth later called Plaintiff and angrily began cursing at him for questioning her conduct."  (Ex. A, Complaint ¶ 40.)

25.    Toth cannot be liable for the claims alleged against her in the Complaint, as a matter of law.  First, the baseless age harassment claim (Plaintiff's fourth cause of action) against Toth is simply without merit.

a)    While the claim is necessarily premised on Plaintiff's age, none of the alleged conduct Plaintiff attributes to Toth involves his age, or *any* protected

categories.  Accordingly, the allegations related to Toth do not set forth a harassment claim.  *See Ortiz v. Dameron Hospital Assn.*, 37 Cal. App. 5th 568, 581 (2019) (to establish a prima facie case of harassment, a plaintiff must show in part that the plaintiff was subjected to unwelcome harassment based on the plaintiff's protected status).

b)   Additionally, the factual allegations involving Toth, even taken as true, do not rise to the level of "severe or pervasive."  A plaintiff claiming harassment based upon a "hostile work environment" theory must show that the harassing conduct was "severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their [protected category]."  *Hughes v. Pair*, 46 Cal. 4th 1035, 1043 (2009).  It must be distinguishable from "the ordinary tribulations of the workplace, such as the sporadic use of abusive language."  *Etter v. Veriflo Corp.*, 67 Cal. App. 4th 457, 464 (1998).  Here, Toth's alleged conduct, which amounts to nothing more than Toth purportedly transferring sales opportunities from Plaintiff to herself and yelling/cursing at him once when defending her integrity against Plaintiff's accusations, cannot meet the severe or pervasive threshold as a matter of law.  *See, e.g.*, *Etter v. Veriflo Corp.*, 67 Cal. App. 4th at 465 (summary judgment affirmed for the employer as to claim for racial harassment; calling the plaintiff "boy" almost daily, "Buckwheat" between five and ten times, "Jemima" twice on one day, "Stymie" once or twice, and asking him why some Black people pronounce the word "ask" as "axe" and then ridiculing the pronunciation of other Black workers not severe or pervasive enough to constitute racial harassment); *Guthrey v. State of California*, 63 Cal. App. 4th 1108, 1124 (1998); *Fisher v. San Pedro Peninsula Hosp.*,  214 Cal. App. 3d 590, 609-610 (1989).

8

89072901v.8

c)     Accordingly, Plaintiff has not stated, and cannot state a viable claim against Toth for age harassment, and Toth's joinder is fraudulent.

26.     Second, the fraudulently asserted IIED claim (Plaintiff's sixteenth cause of action) against Toth is equally without merit.

a)     The alleged conduct by Toth on its face cannot support a finding of "extreme or outrageous" conduct as a matter of law, as is required. *See Alcorn v. Anbro Eng., Inc.*, 2 Cal. 3d 493, 499 (1970) (noting that to prove IIED, a plaintiff must show that the defendant's actions were "so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civiled community.") Liability for IIED "does not extend to mere insults, indiginities, threats, annoyances, petty oppressions, or other trivialities . . . . There is no occasion for the law to intervene . . . when someone's feelings are hurt.'" *Agarwal v. Johnson*, 25 Cal. 3d 932, 946 (1979) (quoting Rest.2d Torts, § 46, comm. D, overruled on other grounds in *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 579-80 (1999). Here, Plaintiff's IIED claim consists entirely of allegations that Toth: (1) removed sales opportunities from him in the online sales platform and transferred the opportunities to herself; and (2) angrily cursed at him once for questioning Toth's integrity. This alleged conduct is simply not extreme and outrageous under the law. *See Hughes, supra*, 46 Cal. 4th at 1051 (comments such as "I'm going to fuck you one way or another" held not to be extreme and outrageous to support IIED claim); *McCoy v. Pacific Maritime Ass'n*, 216 Cal. App. 4th 283, 290, 295 (2013) (finding that the plaintiff being isolated and shunned by co-workers talked down to, being subjected to a co-worker putting his feet up on her workspace, and the co-worker yelling at her in front of other employees, and calling her stupid is not extreme and outrageous and cannot support an IIED claim.)

9

89072901v.8

b)    Even more futile for Plaintiff is the fact that his IIED claim against Toth, which is based on alleged work transactions and conversations that are part of the normal employment relationship, is barred by the Workers' Compensation Act, Cal. Lab. Code § 3600 et seq. (the "WCA").  The WCA provides Plaintiff's exclusive remedy for alleged workplace injuries and preempts torts allegedly arising out of and in the course of employment.  *Nguyen v. Durham Sch. Servs., L.P.*, 2016 WL 3436381, at *3 (C.D. Cal. June 16, 2016) (denying motion to remand and finding individual was a sham defendant, and noting, "the California Supreme Court held that such IIED claims are preempted by the WCA because '[t]he kinds of conduct at issue (e.g., discipline or criticism) are a normal part of the employment relationship.'").  Indeed, the WCA expressly provides that it is "the **sole and exclusive remedy** for the employee" for all injuries "arising out of and in the course of employment."  Cal. Lab. Code §§ 2600(a), 2602(a) (emphasis added); *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 713 (1994) ("[I]f the everyday actions of employment were in fact carried out in a manner deliberately intended to cause the employee harm, then the injured employee could arguably claim a right to extra compensation under section 4553, but could not initiate a civil action.").  Where, as here, alleged emotional distress is attributed to the employment relationship, there can be no separate or independent tort cause of action outside a claim for workers' compensation benefits.  *Cole v. Fair Oaks Fire Protect. Dist.*, 43 Cal. 3d 148, 152, 160 (1987) (rejecting the plaintiff's emotional distress claim and noting that "[a]n employee suffering emotional distress . . . **may not avoid the exclusive remedy provisions of the [WCA] by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance** . . ." (emphasis added).

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

c)       Thus, Plaintiff has failed to present a viable IIED claim against Toth and her joinder is fraudulent.

27.     Inasmuch as Plaintiff has not alleged a single viable claim against Toth as a matter of law, Toth's joinder is fraudulent, and her citizenship should be disregarded for purposes of the diversity jurisdiction analysis.  *Hamilton Mat. Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("If plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according to settled rules of the state, the joinder of the resident defendant is fraudulent.")

### E.       Doe Defendants Are Disregarded For Diversity.

28.     Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants, 1-20 does not deprive this Court of jurisdiction.

## IV.    AMOUNT IN CONTROVERSY

29.     While Defendant denies any liability as to Plaintiff's claims,[2] the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount." (internal citation omitted)).

30.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented

---

[2] The alleged damages, amounts, and calculations described in section IV are included for the purposes of demonstrating the alleged amount in controversy has been satisfied for removal purposes only.  Defendant does not concede or admit that Plaintiff is entitled to any damages whatsoever.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

in the removal petition).  When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

31.    In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

32.    Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees, punitive damages, and penalties that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

33.    Plaintiff's Complaint alleges age discrimination, whistleblower retaliation, FEHA retaliation, harassment, failure to prevent discrimination, harassment, and retaliation, wrongful termination, conversion of wages, failure to pay commissions, waiting time penalties, breach of oral and written agreement, breach of contract, breach of implied covenant of good faith and fair dealing, failure to provide accurate wage statements, and intentional infliction of emotional distress.  Plaintiff prays in part for compensatory, emotional distress, and punitive damages, applicable penalties, and attorneys' fees.  (Ex. A, Complaint, Prayer for Relief, ¶¶ 1, 2, 4-6 & 8.)

### 1.    Alleged Lost Wages

34.     Plaintiff alleges that he was terminated on or about February 2, 2022.  (Ex. A, Complaint ¶ 42.)  At that time, Plaintiff earned an annual salary of $120,000 in addition to commission payments and the value of benefits he received from Defendant. (Maule Decl., ¶ 5.)  From the date of Plaintiff's termination, to the date of this removal filing, approximately 44 weeks have elapsed.  Accordingly, thus far, Plaintiff's claim for lost wages is at a minimum **$101,538.46** ($2,307.69/week x 44 weeks).  If this case is set for trial in December 2023, by that date, Plaintiff's past lost wages would total approximately **$221,538.24** ($2,307.69/week x 97 weeks).  This amount does not account for the other special damages Plaintiff seeks, such as losses in employment benefits and commissions, which will further increase the claim for compensatory damages.

35.     In addition to back pay and benefits, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See, e.g., Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).  An award of three years of front pay would entitle Plaintiff to more than **$360,000** in additional recovery. *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus,

89072901v.8

Plaintiff's allegations of lost wages total over **$580,000**, contributing to the amount in controversy requirement.

### 2.  Alleged Unpaid Commission Wages

36.  Plaintiff claims that Defendant owed him over **$30,000** in commissions at the time of his termination, and that Defendant never paid him this amount. (Ex. A, Complaint ¶ 48.)

### 3.  Alleged Penalties

37.  Plaintiff claims several types of penalties in his Complaint, including whistleblower retaliation penalties, waiting time penalties, and wage statement penalties.

38.  <u>Whistleblower Retaliation Civil Penalty:</u> Plaintiff's second cause of action seeks relief for whistleblower retaliation in violation of California Labor Code section 1102.5.  (Ex. A, Complaint ¶¶ 63-79.)  Labor Code section 1102.5 provides for a penalty of **$10,000** if retaliation under that statute is proven.  Cal. Lab. Code § 1102.5(f).

39.  <u>Waiting Time Penalties:</u> Plaintiff's tenth cause of action seeks waiting time penalties in association with his claim that he did not receive his final pay upon termination under Labor Code section 203.  (Ex. A, Complaint ¶¶ 138-142.)  Plaintiff claims that Defendant "failed to Plaintiff a sum certain at the time of termination and has failed to pay those sums and benefits . . . Plaintiff is entitled to penalties in the amount of his daily wages multiplied by, up to, thirty (30) days." (Ex. A, Complaint ¶ 142.)  Thus, Plaintiff is claiming the maximum 30 days of waiting time penalties, or **$13,846.15** ($461.54/day x 30 days of alleged waiting time penalties based on his base salary.)

40.  <u>Wage Statement Penalties:</u> Plaintiff's fifteenth cause of action seeks penalties for inaccurate wage statements.  (Ex. A, Complaint ¶¶ 177-183.)  Plaintiff alleges that Defendant "failed to comply with Labor Code § 226(a) by failing to provide proper wage statements to Plaintiff for the duration of [his] employment." (Ex. A, Complaint ¶ 179.)  California Labor Code section 226 provides for a statutory penalty for failure to comply with wage statement requirements in the amount of $50 for the initial pay period and $100 for each subsequent pay period, up to a maximum of $4,000, along

with the recovery of attorneys' fees. Cal. Lab. Code § 226(e)(1). Plaintiff fails to allege the specific number of wage statements that were inaccurate. Thus, Plaintiff appears to allege that there was a violation of California Labor Code section 226(a) for each pay period.

41.    The statute of limitations for recovery of penalties under Labor Code section 226 is one year. *Caliber Bodyworks, Inc. v. Sup. Ct*., 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a). Plaintiff filed his Complaint on October 12, 2022. Therefore, the statutory period for this claim runs from October 12, 2021 through Plaintiff's termination on or about February 2, 2022. Defendant paid Plaintiff every two weeks. Accordingly, during the statutory period of October 12, 2021 to February 2, 2022, Plaintiff worked approximately 8 pay periods. Thus, a conservative estimate of Plaintiff's wage statement penalties totals **$750** ($50 for the first pay period + $100 for each of the subsequent 7 pay periods.)

42.    Taken together, Plaintiff's Complaint seeks no less than **$24,596.15** in individual penalties for the alleged violations set forth in his second, tenth, and fifteenth causes of action.

### 4.    Alleged Emotional Distress Damages

43.    Plaintiff further claims emotional distress damages, including "mental pain and anguish and emotional distress." (Ex. A, Complaint Prayer for Relief ¶ 5.) In cases alleging discriminatory and retaliatory discharge, the emotional distress damages alone often exceed the $75,000 amount in controversy requirement. *See Conney v. University of California Regents*, 2004 WL 1969934 (Los Angeles County Sup. Ct., July 27, 2004) ($300,000 in past non-economic damages and $600,000 in future non-economic damages awarded to plaintiff claiming discrimination and retaliation); *Kell v. AutoZone Inc.*, No. 07AS04375, 2010 WL 1347162 (Sacramento Sup. Ct., Jan. 21, 2010) (jury awarded $1,368,675 in damages for wrongful termination and retaliation claims); *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Aboulafia v. GACN Inc.*, 2013

15

89072901v.8

WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in an discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case).  These awards demonstrate that, for diversity purposes, the value of Plaintiff's claimed emotional distress damages exceeds the $75,000 amount in controversy requirement on its own.

### 5.    Alleged Punitive Damages

44.    Plaintiff also seeks punitive damages.  (Ex. A, Complaint, Prayer for Relief ¶ 6.)  For amount in controversy purposes, the Court must conclude that Plaintiff will prevail on his claim for punitive damages.  *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Richmond  v. Allstate  Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award).  An examination of jury awards shows that punitive damage awards alone in these types of cases can greatly exceed the $75,000 amount in controversy requirement.  *See Aboulida v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action).

### 6.    Alleged Attorneys' Fees And Costs

45.    Plaintiff also claims that he is entitled to attorneys' fees and costs.  (Ex. A, Complaint, Prayer for Relief ¶ 8.)  Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S,* 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).  The

89072901v.8

amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

46.     The reasonable amount of attorneys' fees may be based upon fee awards in similar cases. *Lyon v. W.W. Grainger Inc.*, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is sufficient to establish that its estimate is more likely than not correct."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (relying on evidence of fee awards in similar cases to determine a reasonable estimate of attorneys' fees). Verdicts in similar cases show that attorneys' fees in retaliation and wrongful termination cases typically exceed $75,000. *See Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San Diego County Superior Court) (Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Superior Court) (March 21, 2005) (attorney's fees award of $504,926 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Superior Court) (Oct. 16, 2003) (attorney's fees award of $159,277 for claim of wrongful discharge).

47.     For each of the foregoing reasons and based upon the allegations contained in Plaintiff's Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 20 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
89072901v.8

## V.    VENUE

48.    Removal to this Court is proper because Plaintiff originally filed this action in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California.  Thus, without waiving Defendant's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in this Court pursuant to 28 U.S.C. sections 1391(a) and 1441(a).

## VI.    NOTICE OF REMOVAL

49.    Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

50.    This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

51.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, discovery, and order filed and/or served in this action are attached as **Exhibit A, Exhibit B, Exhibit C,** and **Exhibit D.**

///
///
///
///
///
///
///
///
///
///

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

89072901v.8

## VII.   PRAYER FOR REMOVAL

52.     WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED:  December 7, 2022                    Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By: */s/ Catherine S. Feldman*
                                                Jamie C. Pollaci
                                                Catherine S. Feldman
                                                Attorneys for Defendant
                                            FLOOR AND DECOR OUTLETS OF
                                            AMERICA, INC

19

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

89072901v.8