SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
E-mail:  jpollaci@seyfarth.com
Catherine S. Feldman (SBN 299060)
E-mail:  cfeldman@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
FLOOR AND DECOR OUTLETS OF
AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KOVALSKY, an individual, | Case No.  2:22-cv-8872 |
| Plaintiff, | **DECLARATION OF CATHERINE FELDMAN IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| v. | |
| FLOOR AND DECOR OUTLETS OF AMERICA, INC, a Delaware corporation; TIMOTHY FRONING, an individual; GRETCHEN TOTH, an individual; and DOES 1 through 20, inclusive, | [Los Angeles County Superior Court Case No. 22STCV33282] |
| Defendants. | Complaint Filed:      October 12, 2022 |

1

I, Catherine Feldman, hereby declare and state as follows:

1.      I have personal knowledge of the facts contained in this declaration and, if called as a witness, could and would testify as to their accuracy.

2.      I am an attorney admitted to practice in the State of California, and I am an associate in the law firm of Seyfarth Shaw LLP.  I am one of the lawyers responsible for representing Defendant Floor and Decor Outlets of America, Inc. ("Defendant") in the above-captioned lawsuit filed by Plaintiff David Kovalsky ("Plaintiff").  All of the pleadings and correspondence in this lawsuit are maintained in our office in the ordinary course of business under my direction and control.  I have reviewed the pleadings and correspondence in preparing this declaration.

3.      Exhibits A, B, C, and D to the concurrently filed Notice of Removal constitute all of the pleadings in the Superior Court's record that have been served on Defendant, filed by Defendant, or retrieved by Defendant from the Court's records prior to the filing of this Notice of Removal.  Defendant has not filed or received any additional pleadings or papers.

4.      According to the state court docket for this matter, the Court has set an Order to Show Cause Re: Failure to File Proof of Service for December 7, 2022 and a Case Management Conference for January 10, 2023.  No other hearings or conferences have been requested by the parties or set by the Court.

5.      I conducted a review of public records for Plaintiff, which revealed that Plaintiff currently lives in Los Angeles County, California, and has lived in Los Angeles County since at least 1978.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

This declaration was executed on December 7, 2022, at Los Angeles, California.

_____/s Catherine S. Feldman_____
Catherine Feldman

2

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/12/2022 09:46 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

Case 2:22-cv-08872-DMG-JPR    Document 3    Filed 12/07/22    Page 4 of 80    Page ID #:33

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FLOOR AND DECOR OUTLETS OF AMERICA, INC, a Delaware Corporation; TIMOTHY FRONING, an individual; GRETCHEN TOTH, an individual; and DOES 1 through 20, inclusive,
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAVID KOVALSKY, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* LOS ANGELES | CASE NUMBER: *(Número del Caso):* 22STCV33282 |
|---|---|

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raymond Babaian, VALIANT LAW, 800 Ferrari Lane, Suite 100, Ontario, CA 91764, (909) 677-2270

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: *(Fecha)* 10/12/2022 | Clerk, by *(Secretario)* Y. Tarasyuk | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 10/12/2022 09:46 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

Case 2:22-cv-08872-DMG-JPR    Document 3    Filed 12/07/22    Page 5 of 80    Page ID #:34

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Raymond Babaian (State Bar No.232486) Mikoe Tretola (State Bar No. 342787)<br>Valiant Law<br>800 Ferrari Lane, Suite 100, Ontario, CA 91764<br>Ontario, CA 91764<br>TELEPHONE NO.: 909.677.2270    FAX NO.: 909.677.2290<br>ATTORNEY FOR *(Name):* Plaintiff, DAVID KOVALSKY | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

CASE NAME:
Kovalsky v. Floor & Decor

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402). | | 22STCV33282 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel       e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: October 10, 2022
Raymond Babaian
_____
(TYPE OR PRINT NAME)                    ► _____
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

| SHORT TITLE: Kovalsky v. Floor & Decor | CASE NUMBER 22STCV33282 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Kovalsky v. Floor & Decor | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Kovalsky v. Floor & Decor | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Kovalsky v. Floor & Decor | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:**<br><br>☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 111 North Hill Street |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central Justice Center___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __10/10/2022__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/12/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Y. Tarasyuk _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV33282 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Michael L. Stern | 62 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/12/2022
　　(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Y. Tarasyuk _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 10/12/2022 09:46 AM Sherri R. Carter, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk

Case 2:22-cv-08872-DMG-JPR    Document 33282 Filed 12/07/22    Page 12 of 80    Page ID
#:41

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Stern

Raymond Babaian (State Bar No. 232486)
rb@valiantlaw.com
Mikoe Tretola (State Bar No. 342787)
mzt@valiantlaw.com
**VALIANT LAW**
800 Ferrari Lane, Suite 100
Ontario, California 91764
Phone: 909 677 2270 ♦ Fax: 909 677 2290

Attorneys for PLAINTIFF, DAVID KOVALSKY

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID KOVALSKY, an individual<br><br>Plaintiff,<br><br>v.<br><br>FLOOR AND DECOR OUTLETS OF AMERICA, INC, a Delaware corporation; TIMOTHY FRONING, an individual; GRETCHEN TOTH, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 22STCV33282<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. Age Discrimination in Violation of FEHA;<br>2. Whistleblower Retaliation in Violation of Labor Code Section 1102.5;<br>3. Retaliation in Violation of FEHA<br>4. Hostile Work Environment/Harassment<br>5. Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of California Government Code § 12940 et seq.;<br>6. Wrongful Termination in Violation of Public Policy;<br>7. Unlawful, Unfair, and Fraudulent Business Practices in Violation of Business and Professions Code §§ 17200, et seq.<br>8. Conversion of Wages;<br>9. Failure to Pay Commissions in Violation of Labor Code 201-204, 1194, 1198, and IWC Wage Orders;<br>10. Waiting Time Penalties;<br>11. Breach of Oral Agreement<br>12. Breach of Written Agreement<br>13. Breach of Contract in Violation of Labor Code Section 222 Withholding Part of Wages;<br>14. Breach of Implied Covenant of Good Faith and Fair Dealing; |

-1-
COMPLAINT

15. Failure to Provide Accurate Itemized Wage Statements;
16. Intentional Infliction of Emotional Distress;
**DEMAND FOR JURY TRIAL**

**COMES NOW** PLAINTIFF, DAVID KOVALSKY, an individual, and alleges as follows:

## JURISDICTION AND VENUE

1.    This is an unlimited civil case and the Court has jurisdiction over this action because the amount of controversy exceeds $25,000, exclusive of interest and costs.

2.    Jurisdiction and Venue are also proper in this Court because all the claims alleged herein arose in Los Angeles County and all the defendants are doing or did business throughout Los Angeles and/or their principal place of business is in Los Angeles County, in each case, at the times relevant herein. *See also* California Code of Civil Procedure § 395, which provides that the venue is proper in this County because defendants reside in this County and the harm to Plaintiff occurred in this County.

## PARTIES

3.    PLAINTIFF DAVID KOVALSKY (hereinafter, "PLAINTIFF"), at all times relevant hereto, was and is a resident of the State of California.

4.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant FLOOR AND DECOR OUTLETS OF AMERICA, INC., (hereinafter, "F&D"), is a Delaware corporation doing substantial business in the State of California, including the County of Los Angeles, with its relevant business located at 22840 Victory Blvd., Woodland Hills, CA 91367.

5.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant TIMOTHY FRONING (hereinafter, "FRONING"), is an individual residing in the State of Arizona. FRONING is the Director of Commercial Sales, and in the capacity during all times alleged herein, was a managing agent of and operated directly under the direction of F&D.

6.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant GRETCHEN TOTH (hereinafter, "TOTH") is an individual who lives in the state of California. At

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1   all relevant times herein, TOTH was a managing agent of F&D, and within that capacity during all

2   times alleged herein, operated directly under the direction of F&D.

3       7.   PLAINTIFF is informed and believes, and thereon alleges, that DOES 1 through 20,

4   inclusive (hereinafter referred to as "DOES"), are or were individuals and/or are or were doing

5   business at all times herein mentioned and material hereto in the State of California, and are/were

6   the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative,

7   manager, and/or co-conspirator of each of the other defendants, and were at all times mentioned

8   herein acting within the course and scope of said agency and employment, and that all acts or

9   omissions alleged herein were duly committed with the ratification, knowledge, permission,

10  encouragement, authorization and consent of each defendant designated herein.

11      8.   The true names and capacities, whether individual, corporate or associate, or

12  otherwise, designated herein as DOES, are unknown to PLAINTIFF at this time, who, therefore,

13  sue said DOES by such fictitious names and will ask leave of Court to amend this Complaint to

14  show their true names and capacities when ascertained.

15      9.   Plaintiff is informed and believes and based thereon, alleges that at all times material

16  hereto, F&D, FRONING, TOTH, and DOES 1 through 20 (hereinafter collectively referred to as

17  "DEFENDANTS") and each of them, were duly authorized agents, or servants, or representatives,

18  or co-conspirators of the other, or the alter ego, or the principal, or the owner, or representatives,

19  and were acting at all times within the course and scope of their agency or representative capacity

20  with the knowledge and consent of the other.

21      10.  All of the acts and conduct herein and below described of each and every corporate

22  Defendant was duly authorized, ordered by management-level employees of said corporate

23  employers. In addition, thereto, said corporate employers participated in the aforementioned acts

24  and conduct of their said employees, agents, and representatives, and each of them; and upon

25  completion of the aforesaid acts and conducts of said corporate employees, agents and

26  representatives, the Defendant corporations, respectively and collectively, ratified, accepted the

27  benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the

28  said acts and conduct of the aforementioned corporate employees, agents and representatives.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

11. PLAINTIFF exhausted his administrative remedies by timely filing a complaint for the issues required to be raised herein against DEFENDANTS with the California Department of Fair Employment & Housing ("DFEH") and thereafter received a "Right to Sue" letter from the DFEH attached hereto as **Exhibit "A."**

## FACTUAL ALLEGATIONS

12. PLAINTIFF began his employment with F&D on or about January 25, 2021, as a Regional Account Manager. At all relevant times during his employment, PLAINTIFF was an excellent employee who performed his duties and exceeded expectations. In fact, PLAINTIFF's performance earned him the recognition of his peers as one of the top sales employees at F&D during his employment.

13. At all relevant times during his employment with F&D, PLAINTIFF was over the age of forty (40).

14. Throughout the entirety of PLAINTIFF's employment, F&D fostered an utterly unorganized workplace that hindered PLAINTIFF from performing his duties to the best of his ability. Specifically, F&D provided no formal training for its primary program implemented for tracking and generating potential sales opportunities (hereinafter, "SALESFORCE"), which PLAINTIFF was required to use almost daily in the exercise of his duties.

15. Upon realizing that F&D's lack of training on SALESFORCE was negatively impacting his work product, PLAINTIFF repeatedly requested that F&D's upper management provide him and other similarly situated employees with formal training on SALESFORCE. On each occasion wherein he communicated this request, F&D's upper management would dismiss PLAINTIFF and refuse to provide him with further training on SALESFORCE.

16. On one specific occasion in or about February 2021, PLAINTIFF reiterated his request to receive formal training on SALESFORCE to his direct supervisor and managing agent of F&D, FRONING. Egregiously, FRONING refused to grant PLAINTIFF's request and told PLAINTIFF that he was required to know how fully operated SALESFORCE by the end of March 2021 or be subject to disciplinary action.

17.     Notwithstanding PLAINTIFF's request falling on deaf ears, PLAINTIFF eventually figured out how to navigate and use the SALESFORCE program, and from this point until July 2021, PLAINTIFF did not receive disciplinary action regarding his use of the program. Interestingly, F&D used the lack of training it provided on SALESFORCE as the grounds for PLAINTIFF's eventual wrongful termination.

18.     In addition to the foregoing, F&D, through its employees and upper management, frequently subjected PLAINTIFF to unwarranted hostility, harassment, and discrimination in its workplace because of PLAINTIFF's age (over 40).

19.     From the inception of his employment with F&D, PLAINTIFF quickly realized that he was one of the few employees that was not part of the youthful majority of F&D's workforce. PLAINTIFF, because of his age, was subjected to disparate treatment by his coworkers and upper management at F&D, all of whom engaged in this conduct with the intention of harassing PLAINTIFF and frustrating the circumstances of his employment.

20.     Specifically, PLAINTIFF's coworkers would frequently demean, berate, and ridicule him during their interpersonal conversations and frequently ostracized PLAINTIFF. Furthermore, F&D's employees would taunt and belittle PLAINTIFF for various unwarranted, age-related reasons including, but not limited to claiming that PLAINTIFF lacked general computer skills, the requisite technological savvy to successfully operate in a modern workplace, and the ability to effectively communicate with F&D customers.

21.     During PLAINTIFF's employment, he was often required to report to and/or work directly with FRONING, F&D's managing agent, in various tasks pertaining to the exercise of PLAINTIFF's duties for F&D.

22.     FRONING, however, implicitly and expressly belittled, demeaned, and mistreated PLAINTIFF on a consistent basis throughout their working relationship, based on PLAINTIFF's age.

23.     During many of their interactions, FRONING would belittle PLAINTIFF and treat PLAINTIFF as if he were less than him, demonstrating an obvious and unprovoked animus rooted in PLAINTIFF's age. Specifically, FRONING consistently bullied PLAINTIFF and treated him as

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

if he were incapable of doing his duties because he was too old notwithstanding PLAINTIFF's exceptional performance and record. Examples of this include FRONING yelling at PLAINTIFF and stating that, "Only stupid people can't turn their screen on", in response to PLAINTIFF telling FRONING that F&D's computer monitors were not functioning properly. Notably, PLAINTIFF witnessed this same interaction (i.e., F&D employees being unable to properly use equipment) occur between FRONING and younger F&D employees and on none of those occasions did FRONING react angrily like he did with PLAINTIFF. Further, FRONING also mocked PLAINTIFF for not having hair due to his old age, including calling PLAINTIFF "Mr. Forehead" repeatedly and sending PLAINTIFF pictures of bald individuals with the intention of making jokes at PLAINTIFF's expense.

24.    PLAINTIFF complained to various members of F&D's upper management regarding the age discrimination and disparate treatment he experienced within its workplace, and on each occasion, F&D's upper management would simply dismiss PLAINTIFF's complaints or encourage PLAINTIFF to ignore the mistreatment and continue performing his duties.

25.    PLAINTIFF is informed and believes and asserts herein that each of these actions including FRONING's and other F&D employees' disparate treatment of him, along with F&D's upper management's ratification of the discrimination, was done because PLAINTIFF did not "fit in" with F&D's youthful culture because of his age (over 40).

26.    As a direct result of the disparate treatment PLAINTIFF experienced within F&D's workplace based on his age, the circumstances and conditions of PLAINTIFF's work environment were altered into one permeating with hostility, discrimination, and retaliation.

27.    Furthermore, F&D's disparate treatment of PLAINTIFF caused him severe harm, pain, suffering, and emotional distress throughout the remainder of his employment.

28.    One of the more deplorable instances of F&D's disparate treatment towards PLAINTIFF occurred in or around May 2021, while PLAINTIFF was on a work-related trip to Fresno for the opening of a F&D location. On one night during the trip, several members of F&D went for an outing including PLAINTIFF and another F&D managing agent named Michael Jenkins (hereinafter, "JENKINS"). During the outing, JENKINS – part of F&D's Store Operations

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

department – became aggressive with and started cursing at PLAINTIFF due to his incorrect belief that PLAINTIFF – part of F&D's Commercial department – wrongfully received one of JENKINS' projects from F&D's management. Notably, several members of F&D's management were present and witnessed this conduct and none of the individuals attempted to intervene or protect PLAINTIFF from JENKINS' harassment. PLAINTIFF asserts herein on information and belief that F&D's upper management willfully failed to intervene, and or reprimand JENKINS, due to their discriminatory animus held against PLAINTIFF based on his age.

29.    After this interaction with JENKINS, PLAINTIFF left the restaurant immediately and returned to his hotel. Interestingly, the very next morning, FRONING called PLAINTIFF to discuss the incident and simply stated that he needed to ignore JENKINS' behavior. As a result, FRONING effectively ratified the harassment and hostile work environment in clear violation of California law.

30.    On or about July 22, 2021, PLAINTIFF received a call from FRONING's wife who was frantically questioning if PLAINTIFF knew where her husband was since she had not heard from him and was unable to contact him. PLAINTIFF responded saying he did not know of FRONING's whereabouts, but soon discovered that FRONING was arrested that night for Driving Under the Influence ("DUI") and was being held in jail. PLAINTIFF informed FRONING's wife of his whereabouts, and she pleaded for PLAINTIFF to pick him up from jail once he was released. PLAINTIFF agreed and picked FRONING up from jail.

31.    During their conversation immediately after PLAINTIFF picked FRONING up from jail, FRONING aggressively threatened PLAINTIFF's employment if PLAINTIFF disclosed the circumstances surrounding FRONING's arrest to anyone at F&D. Fearful of FRONING's threats, PLAINTIFF began experiencing severe emotional distress.

32.    From this moment forward, FRONING, who already engaged in frequent discrimination and harassment towards PLAINTIFF based on PLAINTIFF's age, amplified his harassment of PLAINTIFF with the clear intention of forcing PLAINTIFF to resign out of fear that PLAINTIFF would disclose the circumstances of his DUI arrest to others at F&D. Specifically, FRONING became increasingly hostile in his interactions with PLAINTIFF, but most notably,

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

1  FRONING began engaging in unwarranted micromanagement of PLAINTIFF by harassing him

2  regarding his use of SALESFORCE, which again, F&D never provided any formal training for.

3  FRONING would consistently question PLAINTIFF's entries into SALESFORCE, second guess

4  his use of the "opportunities" function, and unjustifiably require PLAINTIFF to explain every action

5  he took within SALESFORCE, none of which ever occurred prior to July 22, 2021 – the date of

6  FRONING's arrest.

7      33.    FRONING's increased harassment continued for several months before PLAINTIFF

8  decided to seek help and complain about the harassment and disparate treatment to PLAINTIFF's

9  store managers and F&D's upper management. Specifically, PLAINTIFF complained to several of

10  his managers within F&D regarding FRONING's increased harassment since the date of his DUI

11  arrest – many of whom were aware of FRONING's DUI arrest and PLAINTIFF's previous

12  complaints of harassment – and on each occasion, his complaints were dismissed and met with

13  illusory promises to rectify the situation.

14      34.    In or around January 2022, PLAINTIFF complained directly to FRONING about

15  FRONING's harassment during a meeting between the two. Specifically, PLAINTIFF stated that

16  he reasonably believed FRONING's harassment of PLAINTIFF after FRONING's July arrest was

17  illegal under California's labor laws. Deplorably, FRONING responded by stating "Don't worry,

18  you won't have to deal with it much longer." PLAINTIFF understood FRONING's response to

19  serve as a warning that PLAINTIFF's employment with F&D would soon be coming to an end.

20      35.    As a result of FRONING's harassment and F&D's failure to prevent this hostile work

21  environment, PLAINTIFF's already prevalent emotional distress worsened to unbearable levels and

22  resulted in PLAINTIFF dreading going into work every day due to FRONING's hostility.

23      36.    FRONING also used PLAINTIFF's coworkers as pawns in his scheme to further

24  harass PLAINTIFF. Specifically, FRONING, on several occasions, would remove sales

25  opportunities from PLAINTIFF's SALESFORCE entries and give them to PLAINTIFF's coworkers

26  – effectively seizing potential commissions from PLAINTIFF.

27      37.    FRONING's conduct of removing PLAINTIFF's SALESFORCE entries resulted in

28  one of PLAINTIFF's coworkers, Gretchen Toth (hereinafter, "TOTH"), following suit by routinely

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

attempting to steal opportunities within SALESFORCE from PLAINTIFF. PLAINTIFF further asserts that TOTH and FRONING eventually began conspiring with one another to engage in the harassing conduct of removing PLAINTIFF's opportunities – with the intention of subjecting PLAINTIFF to further harassment, retaliation, and discrimination because of his age and complaints.

38.    In one instance, PLAINTIFF worked on a potential sale for several months only to have FRONING assign the project to TOTH right as it was time for the sale to convert. PLAINTIFF complained to FRONING that he had worked with the potential customer for months, and even sent samples of product to the customer, but FRONING simply brushed PLAINTIFF's pleas to the side and allowed TOTH to steal the opportunity, resulting in PLAINTIFF losing commission payments.

39.    In or around November 2021, PLAINTIFF noticed that TOTH altered one of PLAINTIFF's opportunities within SALESFORCE to reflect that she successfully converted the opportunity despite PLAINTIFF having worked on the sale for several months and TOTH having no involvement in the opportunity whatsoever. PLAINTIFF then emailed a written complaint to FRONING detailing TOTH's actions, again placing FRONING on notice of TOTH's attempt to steal PLAINTIFF's opportunities and eventual commissions. FRONING, yet again, ignored PLAINTIFF's complaint and did not subject TOTH to corrective action.

40.    In or around January 2022, PLAINTIFF noticed that TOTH removed several "opportunities" from him within SALESFORCE, many of which were in locations outside of TOTH's area of operations. PLAINTIFF messaged TOTH on SALESFORCE using the "chatter" function and asked her why she was removing the opportunities from him. TOTH later called PLAINTIFF and angrily began cursing at him for questioning her conduct.

41.    PLAINTIFF immediately complained to FRONING of TOTH's conduct and added that he did not feel comfortable speaking with her anymore. Notwithstanding PLAINTIFF's valid complaint, FRONING responded by emailing PLAINTIFF on January 27, 2022, wherein FRONING berated PLAINTIFF for complaining, informed PLAINTIFF that he was being removed from the specific project (i.e., Balfanz Project) effective immediately, and deplorably stated that "We can go back and forth on this all day and night but I am not going to do that."

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

42.     On or about February 2, 2022, PLAINTIFF received a phone call from FRONING and F&D's Senior Director of Human Resources, Malea Turner ("TURNER"), during which they informed PLAINTIFF that he was being terminated effective immediately. Interestingly, TURNER and FRONING stated that the reason for PLAINTIFF's termination was that he was "changing opportunities" in SALESFORCE, which FRONING claimed was against company policy.

43.     F&D terminated PLAINTIFF for "changing opportunities" within SALESFORCE despite FRONING engaging in this exact conduct (i.e., changing PLAINTIFF's "opportunities" within SALESFORCE), allowing TOTH to engage in this exact conduct to PLAINTIFF's detriment, and notwithstanding F&D failing to provide training and set policies on how its employees were to operate within the SALESFORCE program, which PLAINTIFF previously complained about on multiple occasions.

44.     It is noteworthy to mention that PLAINTIFF maintained the same practices in his use of SALESFORCE for the entirety of his employment and was never subjected to corrective action for his use of SALESFORCE prior to his termination. In fact, these exact practices yielded PLAINTIFF a bonus of approximately $12,000 in November of 2021 for his excellent performance. These facts alone, along with the temporal proximity between PLAINTIFF's complaints about FRONING and his termination, clearly evidence that F&D pretextually terminated PLAINTIFF for his complaints and because of his age.

45.     Following his wrongful termination, PLAINTIFF called TURNER and further complained that he reasonably believed FRONING targeted, harassed, and eventually terminated PLAINTIFF's employment due to PLAINTIFF having knowledge of FRONING's DUI incident and out of fear that PLAINTIFF would disclose FRONING's DUI to F&D's upper management. TURNER claimed she would have FRONING's managers "investigate" PLAINTIFF's complaints and reach back out to PLAINTIFF with more information.

46.     After this phone call, neither TURNER, nor any member of F&D's upper management or Human Resources reached out to PLAINTIFF regarding any investigation into PLAINTIFF's complaints. PLAINTIFF asserts herein on information and belief that F&D never investigated PLAINTIFF's complaints into FRONING.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

47.    PLAINTIFF asserts herein on information and belief that after his termination, F&D engaged in several actions to support its pretextual termination of PLAINTIFF by documenting that it provided its employees training on SALESFORCE – which would support their reasoning for PLAINTIFF's termination. These actions included but are not limited to F&D hiring a trainer to train employees on SALESFORCE and requiring employees similarly situated to PLAINTIFF to sign documentation stating that they received prior training on SALESFORCE despite these employees never receiving the training. F&D, through these actions, acted with malice, oppression, and fraud, and with the intention of creating a paper trail to justify PLAINTIFF's pretextual termination.

48.    Adding insult to injury, F&D refused to pay PLAINTIFF all his rightfully owed wages upon termination. Specifically, PLAINTIFF's final check failed to include his rightfully earned commissions from previously closed deals. PLAINTIFF asserts herein on information and belief that F&D has willfully withheld his rightfully owed commissions totaling in excess of $30,000.

49.    By ratifying FRONING's conduct, allowing him to continue harassing PLAINTIFF, and ultimately wrongfully terminating his employment after complaining about FRONING and other F&D employees' harassment of him, F&D acted with oppression, fraud, and malice. F&D's oppression, fraudulent, and malicious conduct is further evidenced by the fact that F&D created a paper trail filled with lies to support their otherwise pretextual, illegal termination of PLAINTIFF's employment after PLAINTIFF engaged in several protected activities (i.e., complaining about harassment, discrimination, and having his "opportunities" stolen from him).

50.    PLAINTIFF now commences this suit against DEFENDANTS, and each of them, and alleges the following:

## FIRST CAUSE OF ACTION

### Age Discrimination in Violation of FEHA

### (As to Defendant F&D, and DOES 1 through 20)

51.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

52. PLAINTIFF was an employee of F&D at all relevant times mentioned herein.

53. At all times mentioned herein, Government Code Sections 12940(j)(1) and (j)(3) were in full force and effect and were binding on F&D. This status requires F&D to refrain from discrimination against any employee because he is older than forty (40) years of age. Within the time provided by law, PLAINTIFF filed a complaint with DEFH, in compliance with administrative requirements and received a right-to-sue letter.

54. PLAINTIFF was subjected to several adverse employment actions, including, but not limited to, discrimination, harassment, retaliation, and pretextually terminating his employment in violation of public policy. Said actions taken against PLAINTIFF by F&D and its agents constitutes a course or pattern of conduct that materially and adversely affected the terms, conditions, or privileges of PLAINTIFF's employment and were reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion.

55. Specifically, PLAINTIFF was subjected to disparate treatment on the basis of his age including, but not limited to being demeaned, berated, ostracized, ridiculed, and taunted by his F&D peers. F&D employees would discriminate against PLAINTIFF by claiming that PLAINTIFF lacked general computer skills, the requisite technological savvy to operate in a modern workplace, and the ability to effectively communicate with F&D customers.

56. PLAINTIFF was also subjected to disparate treatment by FRONING, who implicitly and explicitly belittled, demeaned, and mistreated PLAINTIFF on a consistent basis throughout their working relationship based on PLAINTIFF's age. FRONING would treat PLAINTIFF as if PLAINTIFF were less than him and F&D's younger workers, treat PLAINTIFF as if he were incapable of doing his duties notwithstanding PLAINTIFF's exceptional performance and record, call PLAINTIFF stupid, and mock PLAINTIFF by calling him "Mr. Forehead", which PLAINTIFF asserts herein on information and belief was done to mock PLAINTIFF who is bald as a result of his old age.

57. PLAINTIFF was well above the age of forty (40) at the time of F&D's adverse employment actions herein alleged in this Complaint.

58. PLAINTIFF's age was a substantial motivating reason for F&D's intentional

1    harassment and retaliatory conduct.

2        59.    By engaging in the above referenced acts and omissions, F&D discriminated against

3    PLAINTIFF because of his age in violation of Government Code Sections 12940 et seq.

4        60.    As a proximate result of F&D's willful, knowing, and intentional discrimination

5    against PLAINTNIFF, he has sustained and continues to sustain losses in earnings and other

6    employment benefits.

7        61.    As a proximate result of F&D's willful, knowing, and intentional discrimination

8    against PLAINTIFF, she has suffered and continues to suffer emotional distress, mental and physical

9    pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression and shame. In

10   light of the willful, knowing, and intentional discrimination, PLAINITFF seeks an award of punitive

11   and exemplary damages in an amount according to proof at trial.

12       62.    PLAINTIFF has incurred and continues to incur legal expenses and attorney's fees.

13   PLAINTIFF will seek the recovery of his attorney's fees and costs at the conclusion of this lawsuit.

14                              **SECOND CAUSE OF ACTION**

15              **Whistleblower Retaliation in Violation of Labor Code § 1102.5**

16                  **(As to Defendant F&D and DOES 1 through 20)**

17       63.    PLAINTIFF incorporates by reference, repeats and re-alleges, all preceding and

18   subsequent paragraphs as though fully set forth herein.

19       64.    At all relevant timers herein, PLAINTIFF was the legal employee of F&D and F&D

20   was the legal employer of PLAINTIFF.

21       65.    By complaining to F&D upper management about the discrimination, harassment,

22   and retaliation he was experiencing at the hands of FRONING and his coworker's within F&D,

23   PLAINTIF disclosed information to a person with authority to investigate, discover, or correct legal

24   violations.

25       66.    PLAINTIFF made several complaints to members of F&D's management regarding

26   the harassment he was experiencing from FRONING, PLAINTIFF's direct manager. This

27   harassment began shortly after PLAINTIFF was forced to retrieve FRONING from hail for his DUI.

28       67.    PLAINTIFF is informed and believes and thereon alleges that FRONING feared that

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1  PLAINTIFF would reveal his DUI to management, thereby hindering FRONING's status with

2  F&D.

3       68.    In direct response to his complaints, F&D, through FRONING began engaging in a

4  series of retaliatory actions towards PLAINTIFF, including, without limitation, removing sales

5  opportunities from PLAINTIFF within SALESFORCE and granting them to PLAINTIFF's

6  coworkers – effectively seizing potential commissions from PLAINTIFF.

7       69.    Additionally, PLAINTIFF was retaliated against by F&D subjecting him to further

8  harassment via using SALESFORCE to fraudulently create a paper trail reflecting that

9  PLAINTTIFF was a poor performing employee, removing sales opportunities from PLAINTIFF's

10  SALESFORCE entries and giving them to PLAINTIFF's coworkers, effectively seizing potential

11  commissions from PLAINTIFF, and withholding PLAINTIFF's rightfully earned commissions.

12       70.    F&D ratified these retaliatory actions on or about February 4, 2022, when it

13  effectively terminated PLAINTIFF for "changing opportunities" within SALESFORECE.

14       71.    F&D thereby caused significant harm to PLAINTIFF.

15       72.    F&D's conduct through FRONING was a substantial factor in causing PLAINTIFF's

16  harm.

17       73.    F&D's conduct, as alleged herein, constitutes whistleblower retaliation against

18  PLAINTIFF in violation of Labor Code § 1102.5. To gain the protections under California Labor

19  Code § 1102.5, an employee must first show a prima facie case for retaliation. *Ross v. County of*

20  *Riverside*, (2019) 36 Cal. App. 5th 580, 591. In order to present a prima facie case an employee must

21  show 1) they engaged in protected activity 2) the employer subjected the employee to an adverse

22  employment action and 3) there is a causal link between the two. *Id*. For the first element to be met,

23  an employee only needs to show that he or she had a "reasonably bases suspicion of illegal activity. "

24  *Green v. Ralee Engineering Co.,* (1998) 19 Cal. 4th 68, 87, 78. To show a reasonable suspicion of

25  illegal activity the Employee must provide some statute, rule or regulation for his or her basis.

26  *Fitzgerald v. El Dorado County*, (E.D. Cal. 2015) 94 F. Supp.3d 1155, 1172.

27       74.    PLAINTIFF reasonably believed that he was disclosing F&D's violation of state or

28  federal statutes when PLAINTIFF told the management of F&D that he was being discriminated

-14-

COMPLAINT

against by FORNING. Further, PLAINIFF need not disclose this violation to a government agency, but only that F&D feared PLAINTIFF would disclose to a government agency or to another employee who had authority to investigate.

75.    In response to PLAINTIFF's request for remedies regarding the egregious behavior, F&D became reasonably fearful that PLAINTIFF would disclose the legal violation to a government agency or an employee with authority to investigate. As a result, F&D implemented a retaliatory scheme which ultimately ended in PLAINTIFF's wrongful termination.

76.    F&D's adverse employment action was a substantial factor in causing PLAINTIFF's harm.

77.    As a direct result of the unlawful employment practices of F&D, as alleged above, including PLAINTIFF's wrongful termination, PLAINTIFF has suffered lost wages, lost benefits, and emotional distress in an amount to be proven at trial.

78.    F&D's conduct through its managing agents, as alleged above, constitutes oppression, fraud, and malice within the meaning of Civil Code § 3294 in that F&D's conduct was intended to cause PLAINTIFF injury and was committed with a willful and conscious disregard of PLAINTIFF's rights, entitling PLAINTIFF to an award of exemplary or punitive damages.

79.    PLAINTIFF is entitled to and seeks any and all available remedies including but not limited to civil penalties under Labor Code § 1102.5, economic damages, general damages, punitive damages, and his increasing attorneys' fees.

### THIRD CAUSE OF ACTION

### Retaliation in Violation of FEHA

### (As to Defendant F&D and DOES 1 through 20)

80.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

81.    At all relevant timers herein, PLAINTIFF was the legal employee of F&D and F&D was the legal employer of PLAINTIFF.

82.    PLAINTIFF complained to F&D repeatedly about the discrimination and harassment he was subjected to by FRONING and other F&D employees on a regular basis.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

83.    In response thereto, F&D retaliated against PLAINTIFF in numerous ways, including, but not limited to, subjecting PLAINTIFF to further discrimination, harassment, and ultimately wrongful termination. All occurring shortly after PLAINTIFF complained to F&D regarding the aforementioned acts.

84.    Specifically, the retaliation manifested into F&D subjecting PLAINTIFF to further harassment via using SALESFORCE to fraudulently create a paper trail reflecting that PLAINTTIFF was a poor performing employee, removing sales opportunities from PLAINTIFF's SALESFORCE entries and giving them to PLAINTIFF's coworkers, effectively seizing potential commissions from PLAINTIFF, and withholding PLAINTIFF's rightfully earned commissions.

85.    By engaging in the above referenced acts and omissions, F&D retaliated against PLAINTIFF because he participated in protected activities of *Government Code* §§ 12940 *et seq.*

86.    PLAINTIFF engaging in this protected activity, namely complaining about FORNING's unlawful employment practices, including harassment, discrimination, and such complaints were motivating reasons for F&D to retaliate against PLAINTIFF.

87.    As a result of F&D's wrongful conduct through FORNING, PLAINTIFF has sustained and continues to sustain losses in earnings and other employment benefits.

88.    As a result of F&D's wrongful conduct, PLAINTIFF has suffered and continues to suffer emotional distress, mental and physical pain, anguish, pain and suffering, loss of sleep, loss of appetite, anxiety, depression, and shame.

89.    F&D's retaliatory conduct was a substantial factor in causing PLAINITFF's harm.

90.    PLAINITFF has incurred and continues to incur legal expense attorney's fees. PLAINTIFF will seek the recovery of his attorney's fees and costs at the conclusion of this lawsuit.

## **FOURTH CAUSE OF ACTION**

### **Hostile Work Environment - Harassment**

### **(As to all DEFENDANTS)**

91.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

92.    PLAINTIFF was an employee of F&D at all relevant times mentioned herein.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

93.     F&D, through its agents including FRONING and TOTH, created and permitted a hostile work environment comprised of discrimination, harassment, and retaliation to exist in violation of the law and to the determinant of PLAINTIFF as described in detail throughout this complaint. F&D's managers, principals, and supervisors had a duty to take all complaints of an unsafe work environment, harassment by FRONING. Specifically, as stated above, F&D failed to remedy PLAINTIFF's concerns regarding the unsafe work environment and FORNING's harassing behavior. F&D consistently failed to investigate and remedy PLAINTIFF's ongoing concerns regarding the hostile work environment. By refusing to investigate and/or failing to take immediate and appropriate corrective action, F&D encouraged a hostile work environment and ratified the disparaging conduct of PLAINTIFF. Furthermore, the inaction by F&D allowed FORNING to continue his egregious behavior towards PLAINTIFF.

94.     Specifically, FRONING altered the conditions and circumstances of PLAINTIFF's employment through his bullying, targeting, and disparate treatment of PLAINTIFF. FRONING harassed PLAINTIFF because of PLAINTIFF's age (over 40) and engaged in such harassing conduct that a reasonable person in PLAINTIFF's position would find the work environment hostile.

95.     PLAINTIFF was further subjected to abusive conduct within the meaning of California Code section 12950.1(g)(2). "Abusive conduct" is defined to mean "conduct of an employer or employee in the workplace, with malice, that a reasonable person would find hostile, offensive, and unrelated to an employer's legitimate business interests." Cal. Gov. Code § 12950.1. The conduct by DEFENDANTS, as alleged herein, is severe and egregious and was directed towards PLAINTIFF in order to harass and demean based on her disability and for complaining of FORNING's unlawful behavior.

96.     PLAINTIFF belonged to a protected group employees; that is PLAINTIFF was targeted because of his age and complaints to F&D regarding DEFENDANTS' unlawful conduct.

97.     Adding insult to injury, after his complaints to DEFENDANTS regarding the pervasive discrimination and hostile work environment, F&D began to implement scheme of retaliation and abuse towards PLAINTIFF. Plaintiff is informed, believes, and thereon alleges that DEFENDANTS' conduct was a direct result of her complaints regarding FORNING's harassing and

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1  discriminatory behavior.

2       98.    F&D and its upper management allowed for such unlawful disparate treatment to

3  take place while PLAINTIFF was under their employ.

4       99.    F&D knew or should have known of the hostile and harassing conduct because

5  PLAINTIFF directly complained to several managers, who failed to take immediate and appropriate

6  corrective action. Instead F&D allowed DEFENDANTS to continue their conduct and did not make

7  any efforts to stop the harassment.

8       100.   A reasonable person in PLAINTIFF's position would have considered the work

9  environment to be hostile or abusive.

10      101.   PLAINTIFF was severely harmed by DEFENDANTS' wrongful conduct.

11      102.   AS a result of F&D's unlawful conduct, PLAINTIFF suffered and continues to suffer

12  economic loss and emotional distress, including but not limited to, depression, decline in health,

13  anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish.

14      103.   PLAINTIFF is entitled to seek exemplary, general, and compensatory damages and

15  attorney's fees and costs against F&D in amounts to be proven at trial in addition to interest thereon

16  and any and all other remedies and damages available under the applicable laws.

17                        **FIFTH CAUSE OF ACTION**

18   **Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of California**

19                   **Government Code § 12940 et seq.**

20                 **(As to Defendant F&D and DOES 1 through 20)**

21      104.   PLAINTIFF incorporates by reference, repeats, and realleges, each and every

22  preceding and subsequent paragraph as though fully set forth herein.

23      105.   PLAINTIFF was an employee of F&D at all times relevant herein.

24      106.   PLAINTIFF was subjected to unlawful conduct, harassment, discrimination, and

25  retaliation as alleged in this Complaint.

26      107.   PLAINTIFF made numerous complaints to F&D regarding FORNINGS's

27  discrimination and harassment. Instead of addressing his numerous concerns, F&D instilled a

28  retaliatory scheme against PLAINTIFF.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

108.    F&D failed to take reasonable steps to prevent the harassment, discrimination, and retaliation.

109.    F&D's failure to take all reasonable steps to prevent the harassment, discrimination, and retaliation was a substantial factor in causing PLAINTIFF's harm.

110.    As a result of the F&D's unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage as to earnings and benefits, and emotional distress, including depression, decline of health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general, and compensatory damages and attorney's fees and costs as to F&D in amounts to be proven at trial in addition to interest thereon and any and all other remedies and damages available under the applicable laws.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (As to Defendant F&D and DOES 1 through 20)

111.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

112.    PLAINTIFF was an employee of F&D at all relevant times mentioned herein.

113.    F&D wrongfully terminated PLAINTIFF on or about February 4, 2022.

114.    PLAINTIFF's continual complaints regarding FORNING – more specifically FORNING's discrimination and harassment were motivating reasons for PLAINTIFF's wrongful discharge.

115.    PLAINTIFF was harmed as a result of F&D's unlawful conduct and wrongful discharge.

116.    F&D's wrongful discharge was a substantial factor in causing PLAINTIFF's harm.

117.    As a result of F&D's unlawful conduct, PLAINTIFF suffered and continues to suffer economic loss or disadvantage as to earnings and benefits, and emotional distress, including depression, decline in health, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is entitled to and will seek exemplary, general, and compensatory damages and attorney's fees and costs to F&D in amounts to be proven at trial in addition to interest thereon

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

-19-

and any and all other remedies and damages available under the applicable laws.

## SEVENTH CAUSE OF ACTION

**Unlawful, Unfair, and Fraudulent Business Practices in Violation of Business and Professions Code §§ 17200, et seq.**

**(As to Defendant F&D and DOES 1 through to 20)**

118.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

119.    PLAINTIFF was an employee of F&D at all relevant times mentioned herein.

120.    California Business and Professional Code Section 17200 et seq. prohibits unfair competition in the form of an unlawful, unfair, or fraudulent business act or practice.

121.    F&D committed unlawful, unfair, or fraudulent business acts and practices as defined by California Business and Professions Code § 17200.

122.    As a direct and proximate result of F&D's unlawful, unfair, and/or fraudulent acts and practices described herein, PLAINTIFF has suffered economic injuries. F&D has profited from their unlawful, unfair, and/or fraudulent acts and practices in the amount of converting PLAINTIFF's commissions.

123.    PLAINTIFF is entitled to enforce all applicable penalty provisions of the Cal. Labor Code pursuant to Cal. Business and Professions Code § 17202.9 98. By all of the foregoing alleged conduct, F&D has committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code § 17200 et seq. As a direct and proximate result of the unfair business practices described above, PLAINTIFF has suffered significant losses and F&D has been unjustly enriched.

124.    Pursuant to Cal. Business and Prof. Code § 17203, PLAINTIFF is entitled to: (a) restitution of money acquired by F&D by means of their unfair business practices, in amounts not yet ascertained but to ascertained at trial; (b) a declaration that F&D's business practices are unfair within the meaning of the statute.

125.    PLAINTIFF has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code 23 or Civil Procedure § 1021.

## EIGHTH CAUSE OF ACTION

### Conversion of Wages

### (As to Defendant F&D and DOES 1 through 20)

126.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

127.    F&D refused to pay the wages due to PLAINTIFF as mandated by California law and/or as agreed. PLAINTIFF owned and had the right to possess such withheld wages. DEFENDANT willfully and without legal justification interfered with PLAINTIFF'S right to own and possess his wages. Instead, F&D converted such wages into profits for its own illegal gain.

128.    The exact amount of those wages is capable of being made certain from a review of either the information of PLAINTIFF, or from the records of F&D. However, F&D refused to provide the data when such information is obtainable pursuant to California law requiring accurate time records and earning statements, including but not limited to Labor Code § 226 and IWC Wage Orders, including, but not limited to, 5-2001.

129.    In refusing to pay wages to PLAINTIFF as promised and legally required, F&D unlawfully and intentionally took and converted the property of PLAINTIFF for its own use. At the time the conversion took place PLAINTIFF was entitled to immediate possession of the amount of wages and commissions payable.

130.    PLAINTIFF did not consent to such dispossession or conversion and was harmed as a result of such dispossession or conversion.

131.    F&D's conduct resulted in PLAINTIFF'S harm.

132.    F&D performed the aforementioned conduct with malice, fraud and oppression, and in conscious disregard to PLAINTIFF'S rights. Accordingly, PLAINTIFF is entitled to an award of punitive damages in an amount to be determined in trial.

/ / /

/ / /

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

## NINTH CAUSE OF ACTION

### Failure to Pay Commissions in Violation of Labor Code §§ 201-204, 1194, 1198, and IWC Wage Orders

### (As to Defendant F&D and DOES 1 through 20)

133.   PLAINTIFF incorporates by reference, repeats, and realleges, each and every preceding and subsequent paragraph as though fully set forth herein.

134.   F&D was PLAINTIFF's legal employer at all times relevant herein; and PLAINTIFF was an employee of F&D at all times relevant herein.

135.   Among the terms of PLAINTIFF's employment was that he would receive certain commissions on sales. PLAINTIFF earned commissions within the meaning of Labor Code Sections 200 and 204.1, and the applicable IWC Wage Orders.

136.   F&D has knowingly, intentionally, and willfully failed and refused to pay PLAINTIFF the full and complete amount of commissions he rightfully earned.

137.   Pursuant to Labor Code sections 200 et seq., PLAINTIFF is entitled to recover unpaid commissions plus interest and penalties. PLAINTIFF is further entitled to an award of reasonable attorney's fees and costs pursuant o the Labor Code (e.g.. Section 218.5).

## TENTH CAUSE OF ACTION

### Waiting Time Penalties to Labor Code §§ 201-203

### (As to Defendant DOUG and DOES 1 through 20)

138.   PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein.

139.   Labor Code § 201 requires employers to immediately pay all earned and unpaid wages to discharge employees at the time of discharge.

140.   PLAINTIFF is no longer employed by F&D. F&D failed to pay PLAINTIFF all his earned wages immediately at the time it discharged PLAINTIFF from employment – specifically regarding PLAINTIFF's rightfully earned commissions.

141.   F&D's failure to pay wages and all owed benefits, as alleged above, was willful in that F&D knew wages and benefits were due but failed to pay them, thus entitling PLAINTIFF to

1  penalties under Labor Code § 203, which provides that an employee's wages shall continue as a

2  penalty until paid for a period of up to thirty (30) days from the time they were due.

3      142.    F&D failed to pay PLAINTIFF a sum certain at the time of termination and has failed

4  to pay those sums and benefits. Pursuant to Labor Code § 203, PLAINTIFF is entitled to penalties

5  in the amount of his daily wages multiplied by, up to, thirty (30) days.

### ELEVENTH CAUSE OF ACTION

### Breach of Oral Contract

### (As to Defendant F&D and DOES 1 through 20)

9      143.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

10  allegation contained above as though fully set forth herein.

11      144.    F&D was PLAINTIFF's employee at all relevant times mentioned herein.

12      145.    PLAINTIFF was an employee of F&D at all relevant times mentioned herein.

13      146.    PLAINTIFF entered into an oral employment agreement with F&D, among the terms

14  of which stated PLAINTIFF is entitled to annual base salary of $120,000 along with the opportunity

15  to earn commissions. PLAINTIFF only accepted employment with F&D under the premise that

16  commissions were an agreed upon portion of his pay structure. PLAINTIFF continued to work for

17  F&D foregoing alternative employment opportunities with other companies.

18      147.    However, despite F&D's promises and representations, PLAINTIFF never received

19  his commissions and was never paid commissions as promised in the oral agreement.

20      148.    PLAINTIFF's employment was terminated by F&D on February 4, 2022 in breach

21  of the oral employment agreement.

22      149.    PLAINTIFF substantially performed his job duties and obligations pursuant to the

23  oral employment agreement with F&D including the terms and conditions governing the payout of

24  commissions.

25      150.    Despite PLAINTIFF's repeated requests for F&D to comply with their contractual

26  obligations, F&D refused, thereby breaching the oral employment agreement.

27      151.    As a result of F&D's breach of oral employment agreement, PLAINTIFF has been

28  damaged in an amount to be proven at trial.

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

152.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees and, as such, will seek the recovery of said attorney's fees and costs at the conclusion of this lawsuit to the extent allowable by law.

## TWELFTH CAUSE OF ACTION

### Breach of Written Agreement

### (As to Defendant F&D and DOES 1 through 20)

153.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein.

154.    F&D was PLAINTIFF's employee at all relevant times mentioned herein.

155.    PLAINTIFF was an employee of F&D at all relevant times mentioned herein.

156.    PLAINTIFF entered into written employment agreement with F&D, among the terms of which stated PLAINTIFF is entitled to annual base salary of $120,000 along with the opportunity to earn commissions. PLAINTIFF only accepted employment with F&D under the premise that commissions were an agreed upon portion of his pay structure. PLAINTIFF continued to work for F&D foregoing alternative employment opportunities with other companies.

157.    However, despite F&D's promises and representations, PLAINTIFF never received his commissions and was never paid commissions as promised in the written agreement.

158.    PLAINTIFF's employment was terminated by F&D on February 4, 2022 in breach of the written employment agreement.

159.    PLAINTIFF substantially performed his job duties and obligations pursuant to the written employment agreement with F&D including the terms and conditions governing the payout of commissions.

160.    Despite PLAINTIFF's repeated requests for F&D to comply with their contractual obligations, F&D refused, thereby breaching the written employment agreement.

161.    As a result of F&D's breach of written employment agreement, PLAINTIFF has been damaged in an amount to be proven at trial.

162.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees and, as such, will seek the recovery of said attorney's fees and costs at the conclusion of this lawsuit

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

to the extent allowable by law.

## THIRTEENTH CAUSE OF ACTION

### Breach of Contract in Violation of Labor Code § 222; Withholding Part of Wages

### (As to Defendant F&D and DOES 1 through 20)

163.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein

164.    Pursuant to California Labor Code § 222, it is unlawful, in case of any wage agreement arrived at by way of collective bargaining, either willfully or unlawfully or with intent to defraud an employee, competitor, or any other person, to withhold from said employee any part of the wage agreed upon.

165.    As required by *Labor Code* Section 2751, F&D and PLAINTIFF agreed to a payment agreement. This agreement set forth the method by which commissions shall be computed and paid to PLAINTIFF upon the closing of each sale. Despite this payment agreement, F&D, refused to pay PLAINTIFF his rightfully earned commissions. By doing so, F&D breached its contract with PLAINTIFF under Labor Code Section 2751, violated California *Labor Code* Section 222.

166.    As a result of F&D's breach of the payment agreement, PLAINTIFF has been damaged in an amount to be proven at trial.

167.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees and, as such, will seek the recovery of said attorney's fees and costs at the conclusion of this lawsuit to the extent allowable by law.

## FOURTEENTH CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

### (As to Defendant F&D and DOES 1 through 20)

168.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein.

169.    PLAINTIFF and F&D entered into an employment agreement.

170.    PLAINTIFF performed all acts required of him by this contract, and accordingly, all conditions occurred that were required for F&D's performance to provide commissions to

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

1  PLAINTIFF pursuant to the employment agreement.

2      171.    In every contract or agreement there is an implied promise of good faith and fair

3  dealing, in that each party will not do anything to unfairly interfere with the right of any other party

4  to receive the benefits of the contract.

5      172.    PLAINTIFF exhausted all available administrative remedies before resorting to the

6  courts for relief. PLAINTIFF did not have further protections under any agreement with F&D  and

7  therefore exhausted his administrative remedies.

8      173.    F&D violated the duty to act fairly and in good faith, in that they failed to provide

9  commissions to PLAINTIFF pursuant to the employment agreement.

10      174.    F&D breached this contract by failing to provide commissions to PLANTIFF

11  pursuant to the employment agreement.

12      175.    As a result of F&D's unlawful employment practices, PLAINTIFF has suffered

13  damages, including but not limited to damages for wage loss, and loss of employment benefits,

14  attorneys' fees, costs; and certain other incidental damages, all according to proof.

15      176.    F&D committed the acts alleged herein maliciously, fraudulently, and oppressively,

16  and with the wrongful intention of injuring PLAINTIFF, and acted with an improper and evil motive

17  amounting to malice.  Alternatively, F&D's despicable conduct was carried out in conscious

18  disregard of PLAINTIFF'S rights.  F&D's conduct was carried out by a managing agent, or an

19  officer, a director, or a managing agent of F&D.

20                    **FIFTEENTH CAUSE OF ACTION**

21              **Failure to Provide Accurate Itemized Wage Statements**

22              **(As to Defendant F&D and DOES 1 through 20)**

23      177.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every

24  allegation contained above as though fully set forth herein.

25      178.    California Labor Code § 226(a) requires F&D to accurately itemize in wage

26  statements all deductions from payment of wages, gross wages earned, and benefits accrued by

27  PLAINTIFF.

28      179.    F&D knowingly and intentionally failed to comply with Labor Code § 226(a) by

failing to provide proper wage statements to PLAINTIFF for the duration of her employment, including but not limited to, unlawfully failing to pay PLAINTIFF overtime wages, or the one hour of premium pay for the missed or interrupted meal and rest break periods.

180.    By failing to keep adequate records as required by § 226 of the Labor Code, DEFENDANTS have injured PLAINTIFF.

181.    F&D's failure to comply with the Labor Code is unlawful pursuant to Labor Code § 1175 and similar IWC Wage Orders.

182.    .As a result of these knowing and intentional failures to comply with these Labor Code requirements, and PLAINTIFF's injuries, PLAINTIFF is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and it entitled to an award of costs and reasonable attorney's fees.

183.    As a further result of the foregoing, and pursuant to Labor Code § 226(h), PLAINTIFF is seeking injunctive relief to ensure F&D complies with  the  above requirements of the Labor Code, and seeking an award of costs and reasonable attorney's fees

## SIXTEENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (As to ALL DEFENDANTS)

184.    PLAINTIFF incorporates by reference, repeats, and realleges, each and every allegation contained above as though fully set forth herein.

185.    DEFENDANTS engaged in intentional and outrageous conduct as alleges in this Complaint, to PLAINTIFF's detriment.

186.    DEFENDANTS knew of should have known that the conduct was unlawful and condoned the illegal activity by permitting it to occur in the workplace. DEFENDANTS, and each of them, knew that such conduct would cause direct and immediate emotional harm to PLAINTIFF, and they did nothing to remedy the situation.

187.    DEFENDANTS, and each of them, subjected PLAINTIFF to discrimination,

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

harassment, and retaliation. DEFENDANTS engaged in these unlawful actions with the specific intent to deprive PLAINTIFF of his peace of mind and with reckless disregard for his well-being.

188. DEFENDANTS knew of should have known that the discrimination, harassment, and retaliatory conduct perpetrated by DEFENDANTS, and each of them, was unlawful and designed to cause harm to PLAINTIFF. Each of these acts and certainly all of them together, resulted in PLAINTIFF suffering emotional distress of substantial quality causing him great harm. Specifically, DEFENDANT'S conduct further triggered PLAINTIFF'S traumas, causing him to seek extensive therapy.

189. As a result of DEFENDANTS' unlawful conduct, PLAINTIFF suffered and will continue to suffer economic loss or disadvantage and emotional distress, including but not limited to, fatigue, depression, a general decline in health, sustained and prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish. PLAINTIFF is accordingly entitled to exemplary, general and compensatory damages and attorney's fees in amounts to be proven at trial.

190. PLAINTIFF seeks an award of general damages, special damages, exemplary damages, costs and damages in excess of the jurisdictional minimum of this court.

## **PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

1. For general economic and non-economic damages according to proof;

2. For compensatory damages according to proof;

3. For liquidated damages;

4. For civil penalties;

5. For special damages according to proof;

6. For punitive damages where allowed by law;

7. For prejudgment interest pursuant to California Civil Code § 3287 and/or California Civil Code § 3288 and/or any other provision of law providing for prejudgment interest;

8. For attorneys' fees where allowed by law;

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ◆ FAX 909 677 2290

9.     For injunctive relief;

10.    For costs of suit incurred herein; and

11.    For such other and further relief as this Court deems just and proper.

DATED: October 10, 2022                    **VALIANT LAW**

By: _____

RAYMOND BABAIAN
MIKOE TRETOLA
Attorneys for PLAINTIFF, DAVID
KOVALSKY

VALIANT LAW
800 FERRARI LANE, SUITE 100
ONTARIO, CALIFORNIA 91764
TELEPHONE 909 677 2270 ♦ FAX 909 677 2290

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 10, 2022

Raymond Babaian
800 Ferrari Ln., Suite 100
Ontario, CA 91764

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202210-18492210
       Right to Sue: Kovalsky / Floor and Decor Outlets of America, Inc. et al.

Dear Raymond Babaian:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 10, 2022

RE:    **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202210-18492210
       Right to Sue: Kovalsky / Floor and Decor Outlets of America, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.


Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 10, 2022

David Kovalsky
,

RE:    **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202210-18492210
Right to Sue: Kovalsky / Floor and Decor Outlets of America, Inc. et al.

Dear David Kovalsky:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 10, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

David Kovalsky                                                    DFEH No. 202210-18492210

                                        Complainant,

vs.

Floor and Decor Outlets of America, Inc.
22840 Victory Blvd.
Woodland Hills, CA 91367

Timothy Froning
,

Gretchen Toth
,

                                        Respondents

---

**1.** Respondent **Floor and Decor Outlets of America, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **Timothy Froning** individual as Co-Respondent(s).
Complainant is naming **Gretchen Toth** individual as Co-Respondent(s).

**3**. Complainant **David Kovalsky**, resides in the City of **,** State of **.**

**4**. Complainant alleges that on or about **February 4, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's age (40 and over).

**Complainant was discriminated against** because of complainant's age (40 and over) and as a result of the discrimination was terminated, denied hire or promotion, denied any employment benefit or privilege, denied work opportunities or assignments.

-1-

Date Filed: October 10, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment complaint and as a result was terminated, denied hire or promotion, denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** COMPLAINANT began his employment with RESPONDENT FLOOR & DECOR OUTLETS OF AMERICA, INC. ( "RESPONDENT F&D") on or about January 25, 2021, as a Regional Account Manager. At all relevant times during his employment, COMPLAINANT was an excellent employee who performed his duties and exceeded expectations. In fact, COMPLAINANT's performance earned him the recognition of his peers as one of the top sales employees at RESPONDENT F&D during his employment.

At all relevant times during his employment with RESPONDENT F&D, COMPLAINANT was over the age of forty (40).

Throughout the entirety of COMPLAINANT's employment, RESPONDENT F&D fostered an utterly unorganized workplace that hindered COMPLAINANT from performing his duties to the best of his ability. Specifically, RESPONDENT F&D provided no formal training for its primary program implemented for tracking and generating potential sales opportunities (hereinafter, "SALESFORCE"), which COMPLAINANT was required to use almost daily in the exercise of his duties.

Upon realizing that RESPONDENT F&D's lack of training on SALESFORCE was negatively impacting his work product, COMPLAINANT repeatedly requested that RESPONDENT F&D's upper management provide him and other similarly situated employees with formal training on SALESFORCE. On each occasion wherein he communicated this request, RESPONDENT F&D's upper management would dismiss COMPLAINANT and refuse to provide him with further training on SALESFORCE.

On one specific occasion in or about February 2021, COMPLAINANT reiterated his request to receive formal training on SALESFORCE to his direct supervisor and managing agent of RESPONDENT F&D, RESPONDENT TIMOTHY FRONING ("RESPONDENT FRONING"). Egregiously, RESPONDENT FRONING refused to grant COMPLAINANT's request and told COMPLAINANT that he was required to know how fully operated SALESFORCE by the end of March 2021 or be subject to disciplinary action.

Notwithstanding COMPLAINANT's request falling on deaf ears, COMPLAINANT eventually figured out how to navigate and use the SALESFORCE program, and from this point until July 2021, COMPLAINANT did not receive disciplinary action regarding his use of the program. Interestingly, RESPONDENT F&D used the lack of training it provided on SALESFORCE as the grounds for COMPLAINANT's eventual wrongful termination.

In addition to the foregoing, RESPONDENT F&D, through its employees and upper management, frequently subjected COMPLAINANT to unwarranted hostility, harassment, and discrimination in its workplace because of COMPLAINANT's age (over 40).

From the inception of his employment with RESPONDENT F&D, COMPLAINANT quickly realized that he was one of the few employees that was not part of the youthful majority of RESPONDENT F&D's workforce. COMPLAINANT, because of his age, was subjected to disparate treatment by his coworkers and upper management at RESPONDENT F&D, all of

-2-

*Complaint – DFEH No. 202210-18492210*

Date Filed: October 10, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1 | whom engaged in this conduct with the intention of harassing COMPLAINANT and
frustrating the circumstances of his employment.

2 | Specifically, COMPLAINANT's coworkers would frequently demean, berate, and ridicule him
during their interpersonal conversations and frequently ostracized COMPLAINANT.

3 | Furthermore, RESPONDENT F&D's employees would taunt and belittle COMPLAINANT for
various unwarranted, age-related reasons including, but not limited to claiming that

4 | COMPLAINANT lacked general computer skills, the requisite technological savvy to
successfully operate in a modern workplace, and the ability to effectively communicate with

5 | RESPONDENT F&D customers.

6 | During COMPLAINANT's employment, he was often required to report to and/or work
directly with RESPONDENT FRONING, RESPONDENT F&D's managing agent, in various
tasks pertaining to the exercise of COMPLAINANT's duties for RESPONDENT F&D.

7 | RESPONDENT FRONING, however, implicitly and expressly belittled, demeaned, and
mistreated COMPLAINANT on a consistent basis throughout their working relationship,

8 | based on COMPLAINANT's age.

9 | During many of their interactions, RESPONDENT FRONING would belittle COMPLAINANT
and treat COMPLAINANT as if he were less than him, demonstrating an obvious and

10 | unprovoked animus rooted in COMPLAINANT's age. Specifically, RESPONDENT
FRONING consistently bullied COMPLAINANT and treated him as if he were incapable of

11 | doing his duties because he was too old notwithstanding COMPLAINANT's exceptional
performance and record. Examples of this include RESPONDENT FRONING yelling at

12 | COMPLAINANT and stating that, "Only stupid people can't turn their screen on", in response
to COMPLAINANT telling RESPONDENT FRONING that RESPONDENT F&D's computer

13 | monitors were not functioning properly. Notably, COMPLAINANT witnessed this same
interaction (i.e., RESPONDENT F&D employees being unable to properly use equipment)

14 | occur between RESPONDENT FRONING and younger RESPONDENT F&D employees
and on none of those occasions did RESPONDENT FRONING react angrily like he did with

15 | COMPLAINANT. Further, RESPONDENT FRONING also mocked COMPLAINANT for not
having hair due to his old age, including calling COMPLAINANT "Mr. Forehead" repeatedly

16 | and sending COMPLAINANT pictures of bald individuals with the intention of making jokes

17 | at COMPLAINANT's expense.

COMPLAINANT complained to various members of RESPONDENT F&D's upper

18 | management regarding the age discrimination and disparate treatment he experienced
within its workplace, and on each occasion, RESPONDENT F&D's upper management

19 | would simply dismiss COMPLAINANT's complaints or encourage COMPLAINANT to ignore
the mistreatment and continue performing his duties.

20 | COMPLAINANT is informed and believes and asserts herein that each of these actions
including RESPONDENT FRONING's and other RESPONDENT F&D employees' disparate

21 | treatment of him, along with RESPONDENT F&D's upper management's ratification of the
discrimination, was done because COMPLAINANT did not "fit in" with RESPONDENT F&D's

22 | youthful culture because of his age (over 40).

23 | As a direct result of the disparate treatment COMPLAINANT experienced within
RESPONDENT F&D's workplace based on his age, the circumstances and conditions of

24 | COMPLAINANT's work environment were altered into one permeating with hostility,
discrimination, and retaliation.

25 |

26 |                                                     -3-

27 | *Complaint – DFEH No. 202210-18492210*

Date Filed: October 10, 2022

28 |

Furthermore, RESPONDENT F&D's disparate treatment of COMPLAINANT caused him severe harm, pain, suffering, and emotional distress throughout the remainder of his employment.

One of the more deplorable instances of RESPONDENT F&D's disparate treatment towards COMPLAINANT occurred in or around May 2021, while COMPLAINANT was on a work-related trip to Fresno for the opening of a RESPONDENT F&D location. On one night during the trip, several members of RESPONDENT F&D went for an outing including COMPLAINANT and another RESPONDENT F&D managing agent named Michael Jenkins (hereinafter, "JENKINS"). During the outing, JENKINS – part of RESPONDENT F&D's Store Operations department – became aggressive with and started cursing at COMPLAINANT due to his incorrect belief that COMPLAINANT – part of RESPONDENT F&D's Commercial department – wrongfully received one of JENKINS' projects from RESPONDENT F&D's management. Notably, several members of RESPONDENT F&D's management were present and witnessed this conduct and none of the individuals attempted to intervene or protect COMPLAINANT from JENKINS' harassment. COMPLAINANT asserts herein on information and belief that RESPONDENT F&D's upper management willfully failed to intervene, and or reprimand JENKINS, due to their discriminatory animus held against COMPLAINANT based on his age.

After this interaction with JENKINS, COMPLAINANT left the restaurant immediately and returned to his hotel. Interestingly, the very next morning, RESPONDENT FRONING called COMPLAINANT to discuss the incident and simply stated that he needed to ignore JENKINS' behavior. As a result, RESPONDENT FRONING effectively ratified the harassment and hostile work environment in clear violation of California law.

On or about July 22, 2021, COMPLAINANT received a call from RESPONDENT FRONING's wife who was frantically questioning if COMPLAINANT knew where her husband was since she had not heard from him and was unable to contact him. COMPLAINANT responded saying he did not know of RESPONDENT FRONING's whereabouts, but soon discovered that RESPONDENT FRONING was arrested that night for Driving Under the Influence ("DUI") and was being held in jail. COMPLAINANT informed RESPONDENT FRONING's wife of his whereabouts, and she pleaded for COMPLAINANT to pick him up from jail once he was released. COMPLAINANT agreed and picked RESPONDENT FRONING up from jail.

During their conversation immediately after COMPLAINANT picked RESPONDENT FRONING up from jail, RESPONDENT FRONING aggressively threatened COMPLAINANT's employment if COMPLAINANT disclosed the circumstances surrounding RESPONDENT FRONING's arrest to anyone at RESPONDENT F&D. Fearful of RESPONDENT FRONING's threats, COMPLAINANT began experiencing severe emotional distress.

From this moment forward, RESPONDENT FRONING, who already engaged in frequent discrimination and harassment towards COMPLAINANT based on COMPLAINANT's age, amplified his harassment of COMPLAINANT with the clear intention of forcing COMPLAINANT to resign out of fear that COMPLAINANT would disclose the circumstances of his DUI arrest to others at RESPONDENT F&D. Specifically, RESPONDENT FRONING became increasingly hostile in his interactions with COMPLAINANT, but most notably, RESPONDENT FRONING began engaging in unwarranted micromanagement of COMPLAINANT by harassing him regarding his use of SALESFORCE, which again,

-4-

*Complaint – DFEH No. 202210-18492210*

Date Filed: October 10, 2022

RESPONDENT F&D never provided any formal training for. RESPONDENT FRONING would consistently question COMPLAINANT's entries into SALESFORCE, second guess his use of the "opportunities" function, and unjustifiably require COMPLAINANT to explain every action he took within SALESFORCE, none of which ever occurred prior to July 22, 2021 – the date of RESPONDENT FRONING's arrest.

RESPONDENT FRONING's increased harassment continued for several months before COMPLAINANT decided to seek help and complain about the harassment and disparate treatment to COMPLAINANT's store managers and RESPONDENT F&D's upper management. Specifically, COMPLAINANT complained to several of his managers within RESPONDENT F&D regarding RESPONDENT FRONING's increased harassment since the date of his DUI arrest – many of whom were aware of RESPONDENT FRONING's DUI arrest and COMPLAINANT's previous complaints of harassment – and on each occasion, his complaints were dismissed and met with illusory promises to rectify the situation.

In or around January 2022, COMPLAINANT complained directly to RESPONDENT FRONING about RESPONDENT FRONING's harassment during a meeting between the two. Specifically, COMPLAINANT stated that he reasonably believed RESPONDENT FRONING's harassment of COMPLAINANT after RESPONDENT FRONING's July arrest was illegal under California's labor laws. Deplorably, RESPONDENT FRONING responded by stating "Don't worry, you won't have to deal with it much longer." COMPLAINANT understood RESPONDENT FRONING's response to serve as a warning that COMPLAINANT's employment with RESPONDENT F&D would soon be coming to an end.

As a result of RESPONDENT FRONING's harassment and RESPONDENT F&D's failure to prevent this hostile work environment, COMPLAINANT's already prevalent emotional distress worsened to unbearable levels and resulted in COMPLAINANT dreading going into work every day due to RESPONDENT FRONING's hostility.

RESPONDENT FRONING also used COMPLAINANT's coworkers as pawns in his scheme to further harass COMPLAINANT. Specifically, RESPONDENT FRONING, on several occasions, would remove sales opportunities from COMPLAINANT's SALESFORCE entries and give them to COMPLAINANT's coworkers – effectively seizing potential commissions from COMPLAINANT.

RESPONDENT FRONING's conduct of removing COMPLAINANT's SALESFORCE entries resulted in one of COMPLAINANT's coworkers, Gretchen RESPONDENT GRETCHEN TOTH (hereinafter, "RESPONDENT TOTH"), following suit by routinely attempting to steal opportunities within SALESFORCE from COMPLAINANT. COMPLAINANT further asserts that RESPONDENT TOTH and RESPONDENT FRONING eventually began conspiring with one another to engage in the harassing conduct of removing COMPLAINANT's opportunities – with the intention of subjecting COMPLAINANT to further harassment, retaliation, and discrimination because of his age and complaints.

In one instance, COMPLAINANT worked on a potential sale for several months only to have RESPONDENT FRONING assign the project to RESPONDENT TOTH right as it was time for the sale to convert. COMPLAINANT complained to RESPONDENT FRONING that he had worked with the potential customer for months, and even sent samples of product to the customer, but RESPONDENT FRONING simply brushed COMPLAINANT's pleas to the side and allowed RESPONDENT TOTH to steal the opportunity, resulting in COMPLAINANT losing commission payments.

-5-
*Complaint – DFEH No. 202210-18492210*

Date Filed: October 10, 2022

In or around November 2021, COMPLAINANT noticed that RESPONDENT TOTH altered one of COMPLAINANT's opportunities within SALESFORCE to reflect that she successfully converted the opportunity despite COMPLAINANT having worked on the sale for several months and RESPONDENT TOTH having no involvement in the opportunity whatsoever. COMPLAINANT then emailed a written complaint to RESPONDENT FRONING detailing RESPONDENT TOTH's actions, again placing RESPONDENT FRONING on notice of RESPONDENT TOTH's attempt to steal COMPLAINANT's opportunities and eventual commissions. RESPONDENT FRONING, yet again, ignored COMPLAINANT's complaint and did not subject RESPONDENT TOTH to corrective action.

In or around January 2022, COMPLAINANT noticed that RESPONDENT TOTH removed several "opportunities" from him within SALESFORCE, many of which were in locations outside of RESPONDENT TOTH's area of operations. COMPLAINANT messaged RESPONDENT TOTH on SALESFORCE using the "chatter" function and asked her why she was removing the opportunities from him. RESPONDENT TOTH later called COMPLAINANT and angrily began cursing at him for questioning her conduct. COMPLAINANT immediately complained to RESPONDENT FRONING of RESPONDENT TOTH's conduct and added that he did not feel comfortable speaking with her anymore. Notwithstanding COMPLAINANT's valid complaint, RESPONDENT FRONING responded by emailing COMPLAINANT on January 27, 2022, wherein RESPONDENT FRONING berated COMPLAINANT for complaining, informed COMPLAINANT that he was being removed from the specific project (i.e., Balfanz Project) effective immediately, and deplorably stated that "We can go back and forth on this all day and night but I am not going to do that."

On or about February 2, 2022, COMPLAINANT received a phone call from RESPONDENT FRONING and RESPONDENT F&D's Senior Director of Human Resources, Malea Turner ("TURNER"), during which they informed COMPLAINANT that he was being terminated effective immediately. Interestingly, TURNER and RESPONDENT FRONING stated that the reason for COMPLAINANT's termination was that he was "changing opportunities" in SALESFORCE, which RESPONDENT FRONING claimed was against company policy. RESPONDENT F&D terminated COMPLAINANT for "changing opportunities" within SALESFORCE despite RESPONDENT FRONING engaging in this exact conduct (i.e., changing COMPLAINANT's "opportunities" within SALESFORCE), allowing RESPONDENT TOTH to engage in this exact conduct to COMPLAINANT's detriment, and notwithstanding RESPONDENT F&D failing to provide training and set policies on how its employees were to operate within the SALESFORCE program, which COMPLAINANT previously complained about on multiple occasions.

It is noteworthy to mention that COMPLAINANT maintained the same practices in his use of SALESFORCE for the entirety of his employment and was never subjected to corrective action for his use of SALESFORCE prior to his termination. In fact, these exact practices yielded COMPLAINANT a bonus of approximately $12,000 in November of 2021 for his excellent performance. These facts alone, along with the temporal proximity between COMPLAINANT's complaints about RESPONDENT FRONING and his termination, clearly evidence that RESPONDENT F&D pretextually terminated COMPLAINANT for his complaints and because of his age.

Following his wrongful termination, COMPLAINANT called TURNER and further complained that he reasonably believed RESPONDENT FRONING targeted, harassed, and eventually

-6-

*Complaint – DFEH No. 202210-18492210*

terminated COMPLAINANT's employment due to COMPLAINANT having knowledge of RESPONDENT FRONING's DUI incident and out of fear that COMPLAINANT would disclose RESPONDENT FRONING's DUI to RESPONDENT F&D's upper management. TURNER claimed she would have RESPONDENT FRONING's managers "investigate" COMPLAINANT's complaints and reach back out to COMPLAINANT with more information. After this phone call, neither TURNER, nor any member of RESPONDENT F&D's upper management or Human Resources reached out to COMPLAINANT regarding any investigation into COMPLAINANT's complaints. COMPLAINANT asserts herein on information and belief that RESPONDENT F&D never investigated COMPLAINANT's complaints into RESPONDENT FRONING.

COMPLAINANT asserts herein on information and belief that after his termination, RESPONDENT F&D engaged in several actions to support its pretextual termination of COMPLAINANT by documenting that it provided its employees training on SALESFORCE – which would support their reasoning for COMPLAINANT's termination. These actions included but are not limited to RESPONDENT F&D hiring a trainer to train employees on SALESFORCE and requiring employees similarly situated to COMPLAINANT to sign documentation stating that they received prior training on SALESFORCE despite these employees never receiving the training. RESPONDENT F&D, through these actions, acted with malice, oppression, and fraud, and with the intention of creating a paper trail to justify COMPLAINANT's pretextual termination.

Adding insult to injury, RESPONDENT F&D refused to pay COMPLAINANT all his rightfully owed wages upon termination. Specifically, COMPLAINANT's final check failed to include his rightfully earned commissions from previously closed deals. COMPLAINANT asserts herein on information and belief that RESPONDENT F&D has willfully withheld his rightfully owed commissions totaling in excess of $30,000.

By ratifying RESPONDENT FRONING's conduct, allowing him to continue harassing COMPLAINANT, and ultimately wrongfully terminating his employment after complaining about RESPONDENT FRONING and other RESPONDENT F&D employees' harassment of him, RESPONDENT F&D acted with oppression, fraud, and malice. RESPONDENT F&D's oppression, fraudulent, and malicious conduct is further evidenced by the fact that RESPONDENT F&D created a paper trail filled with lies to support their otherwise pretextual, illegal termination of COMPLAINANT's employment after COMPLAINANT engaged in several protected activities (i.e., complaining about harassment, discrimination, and having his "opportunities" stolen from him).

-7-

*Complaint – DFEH No. 202210-18492210*

Date Filed: October 10, 2022

1  VERIFICATION

2  I, **Raymond Babaian**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.   The matters alleged are
   based on information and belief, which I believe to be true.

4
   On October 10, 2022, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                        **Ontario, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -8-
                          *Complaint – DFEH No. 202210-18492210*
27
   Date Filed: October 10, 2022
28
                                                        Form DFEH-ENF 80 RS (Revised 02/22)

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Raymond Babaian (State Bar No. 232486); Mikoe Tretola (State Bar No. 342787) <br> VALIANT LAW <br> 800 Ferrari Lane, Suite 100 <br> Ontario, CA 91764 <br> TELEPHONE NO.: (909) 677-2270    FAX NO. *(Optional)*: (909) 677-2290 <br> E-MAIL ADDRESS *(Optional)*: rb@valiantlaw.com; mzt@valiantlaw.com <br> ATTORNEY FOR *(Name)*: PLAINTIFF, DAVID KOVALSKY | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME:

PLAINTIFF/PETITIONER: David Kovalsky

DEFENDANT/RESPONDENT: Floor and Decor Outlets of America, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> 22STCV33282 |
|---|---|

TO *(insert name of party being served)*: FLOOR AND DECOR OUTLETS OF AMERICA, INC., a Delaware Corporation

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: October 19, 2022

Raymond Babaian, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment

*(To be completed by recipient)*:

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

**PROOF OF SERVICE**

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 800 Ferrari Lane, Suite 100, Ontario, CA 91764.

On October 19, 2022, I served the foregoing document(s) described as **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** on all the interested parties in this action at the address listed below, as follows:

| | |
|---|---|
| Daniel Whang, Esq.<br>**SEYFARTH SHAW, LLP**<br>2029 Century Park East, Suite 3500<br>Los Angeles, CA 90067<br>Tel: (310) 301-1539<br>Fax: (310) 551-8339<br>**Attorney for Defendant, FLOOR AND DÉCOR OUTLETS** | dwhang@seyfarth.com |

(__)    **MAIL**: By placing a true copy (copies) thereof enclosed in a sealed envelope(s), addressed as above, and by placing said sealed envelope(s) for collection and mailing on the date following ordinary business practices. I am "readily familiar" with the business' practices for collection and processing of correspondence for mailing the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Bernardino County, California, in the ordinary course of business.

(_x_)  **ELECTRONIC MAIL:** I served the above document(s) by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorney of records for the parties herein at the email address(es) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as completed and without error. I am readily familiar with Valiant Law business practice of electronic service.

(__)    **EXPRESS MAIL**: I caused said document(s) to be placed in an Express Mail Overnight Envelope and deposited in an express Mail DropBox to be delivered the following business day pursuant to Code of Civil Procedure section 1013(c).

(__)    **FAX**: In additional to service by mail as set forth above, a copy of said documents were also delivered by facsimile transmission to the addressee pursuant to Code of Civil Procedure section 1013(e).

(__)    **PERSONAL SERVICE:** I caused to be hand -delivered said document(s) to the office addressee, pursuant to Code of Civil Procedure section 1011.

/ / /

/ / /

1

        I declare under penalty under the laws of the State of California that the above is true and

2

correct.  Executed on October 19, 2022, at Ontario, California.

3

                         _____

4

                         SAMIRA MORAZAN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

# EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Raymond Babaian (State Bar No. 232486); Mikoe Tretola (State Bar No. 342787)<br>VALIANT LAW<br>800 Ferrari Lane, Suite 100<br>Ontario, CA 91764<br>TELEPHONE NO.: (909) 677-2270    FAX NO. *(Optional):* (909) 677-2290<br>E-MAIL ADDRESS *(Optional):* rb@valiantlaw.com; mzt@valiantlaw.com<br>ATTORNEY FOR *(Name):* PLAINTIFF, DAVID KOVALSKY | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME:

PLAINTIFF/PETITIONER: David Kovalsky

DEFENDANT/RESPONDENT: Floor and Decor Outlets of America, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>22STCV33282 |
|---|---|

TO *(insert name of party being served):* FLOOR AND DECOR OUTLETS OF AMERICA, INC., a Delaware Corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: October 19, 2022

Raymond Babaian, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment

*(To be completed by recipient):*

Date this form is signed: November 8, 2022

Jamie C. Pollaci
Attorney for Defendant Floor and Décor
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**PROOF OF SERVICE**

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 800 Ferrari Lane, Suite 100, Ontario, CA 91764.

On October 19, 2022, I served the foregoing document(s) described as **NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL** on all the interested parties in this action at the address listed below, as follows:

| | |
|---|---|
| Daniel Whang, Esq.<br>**SEYFARTH SHAW, LLP**<br>2029 Century Park East, Suite 3500<br>Los Angeles, CA 90067<br>Tel: (310) 301-1539<br>Fax: (310) 551-8339<br>**Attorney for Defendant, FLOOR AND DÉCOR OUTLETS** | dwhang@seyfarth.com |

(\_\_)    **MAIL**: By placing a true copy (copies) thereof enclosed in a sealed envelope(s), addressed as above, and by placing said sealed envelope(s) for collection and mailing on the date following ordinary business practices. I am "readily familiar" with the business' practices for collection and processing of correspondence for mailing the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Bernardino County, California, in the ordinary course of business.

(\_x\_)    **ELECTRONIC MAIL:** I served the above document(s) by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorney of records for the parties herein at the email address(es) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as completed and without error. I am readily familiar with Valiant Law business practice of electronic service.

(\_\_)    **EXPRESS MAIL**: I caused said document(s) to be placed in an Express Mail Overnight Envelope and deposited in an express Mail DropBox to be delivered the following business day pursuant to Code of Civil Procedure section 1013(c).

(\_\_)    **FAX**: In additional to service by mail as set forth above, a copy of said documents were also delivered by facsimile transmission to the addressee pursuant to Code of Civil Procedure section 1013(e).

(\_\_)    **PERSONAL SERVICE:** I caused to be hand -delivered said document(s) to the office addressee, pursuant to Code of Civil Procedure section 1011.

/ / /

/ / /

1    I declare under penalty under the laws of the State of California that the above is true and

2    correct.  Executed on October 19, 2022, at Ontario, California.

3    _____

4    SAMIRA MORAZAN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                               )  SS
COUNTY OF LOS ANGELES          )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On November 8, 2022, I served the within document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT-CIVIL**

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below **AND**

☒    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Raymond Babaian                    *Attorneys for Plaintiff*
Mikoe Tretola                      *David Kovalsky*
VALIANT LAW
800 Ferrari Lane, Suite 100
Ontario, California 91764
Email:    rb@valiantlaw.com
          mzt@valiantlaw.com

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on November 8, 2022, at Los Angeles, California.

_____
Rachel D. Victor

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 12/05/2022 03:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk
Case 2:22-cv-08872-DMG-JPR    Document 3    Filed 12/07/22    Page 64 of 80    Page ID
#:93

SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
E-mail: jpollaci@seyfarth.com
Catherine S. Feldman (SBN 299060)
E-mail: cfeldman@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:     (310) 277-7200
Facsimile:     (310) 201-5219

Attorneys for Defendant
FLOOR AND DECOR OUTLETS OF
AMERICA, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID KOVALSKY, an individual, | Case No. 22STCV33282 |
| Plaintiff, | **DEFENDANT FLOOR AND DECOR OUTLETS OF AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| FLOOR AND DECOR OUTLETS OF AMERICA, INC, a Delaware corporation; TIMOTHY FRONING, an individual; GRETCHEN TOTH, an individual; and DOES 1 through 20, inclusive, | Complaint Filed:  October 12, 2022<br>Trial Date:       None Set |
| Defendants. | |

Defendant Floor and Decor Outlets of America, Inc. ("Defendant"), for itself and for no other defendant, answers the Complaint ("Complaint") filed by Plaintiff David Kovalsky ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally each allegation and each purported cause of action in the Complaint, and without limiting the generality of the foregoing, denies that Plaintiff has been damaged in any amount, or at all, by reason of any acts or omissions of Defendant.  Defendant also denies that Plaintiff is entitled to a jury trial on some or all claims and/or requested relief asserted in the Complaint.

## DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant asserts as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law:

## FIRST DEFENSE

### (Arbitration)

1.      Plaintiff's Complaint and any purported claim for relief alleged therein is barred, and this Court lacks jurisdiction, because Plaintiff agreed to arbitrate claims alleged in the Complaint.

## SECOND DEFENSE

### (Failure to State a Cause of Action)

2.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## THIRD DEFENSE

### (Statute of Limitations)

3.      Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations, including, but not limited to Government Code sections 12960 and 12965, Code of Civil Procedure sections 335.1, 337, 338, 339, 340, 343, and Business and Professions Code section 17208.

### FOURTH DEFENSE

#### (Failure to Exhaust Administrative Remedies)

4. Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust his administrative remedies or to comply with the statutory prerequisites for bringing suit.

### FIFTH DEFENSE

#### (Laches)

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

### SIXTH DEFENSE

#### (Consent and Waiver)

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of consent and waiver.

### SEVENTH DEFENSE

#### (Estoppel)

7. Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

### EIGHTH DEFENSE

#### (Unclean Hands)

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### NINTH DEFENSE

#### (Ratification)

9. Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff ratified Defendant's alleged actions.

### TENTH DEFENSE

#### (Failure to Mitigate Damages)

10. Defendant alleges, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages. To the extent that Plaintiff suffered any damages as a result of the facts alleged

3

in his Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.  By reason of the foregoing, Plaintiff is barred in whole or in part from recovery of damages from Defendant.

## ELEVENTH DEFENSE

### (Failure to Exercise Reasonable Corrective Opportunities)

11.    To the extent any of Defendant's employees or agents engaged in unlawful harassing, discriminatory or retaliatory behavior toward Plaintiff, Defendant is not liable for any such harassment, discrimination or retaliation, or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

## TWELFTH DEFENSE

### (Workers' Compensation Preemption)

12.    Plaintiff's claims for certain damages, such as for alleged emotional and/or physical injury, are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, California Labor Code section 3200, *et seq.*, inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of his employment with Defendant, and injuries alleged by Plaintiff to have been proximately caused by his employment with Defendant.

## THIRTEENTH DEFENSE

### (After-Acquired Evidence)

13.    Plaintiff's claims are barred, or his damages, if any, are limited, to the extent he engaged in any misconduct of which Defendant was unaware until after Plaintiff's separation from employment that provides independent legal cause for the changes in his employment.

4

## FOURTEENTH DEFENSE

### (Prompt Remedial Action)

14.     Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

## FIFTEENTH DEFENSE

### (Legitimate Non-Discriminatory/Non-Retaliatory Actions)

15.     Plaintiff's claims are barred, in whole or in part, because Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment.

## SIXTEENTH DEFENSE

### (Mixed Motive)

16.     Any monetary recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that discriminatory or retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory and non-retaliatory business reasons.  *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

## SEVENTEENTH DEFENSE

### (Award of Punitive Damages is Unconstitutional)

17.     To the extent that Plaintiff seeks punitive or exemplary damages in his Complaint, he violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

**EIGHTEENTH DEFENSE**

**(Setoff and Recoupment)**

18.     To the extent a court or arbitrator holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments Defendant made to Plaintiff and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

**NINETEENTH DEFENSE**

**(Offset)**

19.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961), and its progeny.

**TWENTIETH DEFENSE**

**(Reasonableness and Good Faith)**

20.     Plaintiff's claims are barred in whole or in part by the fact that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them in good faith.

**TWENTY-FIRST DEFENSE**

**(Legitimate, Independent Reasons)**

21.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because assuming arguendo that retaliatory reasons were a contributing factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions for legitimate, independent reasons.  *See* Cal. Labor Code § 1102.6.

**TWENTY-SECOND DEFENSE**

**(Managerial Privilege)**

22.     Any injuries Plaintiff sustained as a result of any action by Defendant are barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith.

## TWENTY-THIRD DEFENSE

### (Due Process/Excessive Penalties)

23.    Plaintiff is not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory or disproportionate to any damage or loss incurred as a result of Defendant's alleged conduct and therefore unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

## TWENTY-FOURTH DEFENSE

### (Adequate Legal Remedy)

24.    Plaintiff's request for injunctive relief is improper because Plaintiff has an adequate remedy at law.

## TWENTY-FIFTH DEFENSE

### (No Willful or Knowing and Intentional Violation)

25.    Plaintiff is not entitled to any penalty or recovery on his claims under the Labor Code because, at all times relevant and material herein, Defendant did not knowingly, intentionally, or willfully fail to comply with any provisions of the California Labor Code, or applicable Wage Order, but rather acted in good faith and had reasonable grounds for believing that its actions were lawful and that it did not violate the California Labor Code or the applicable Wage Order.

## TWENTY-SIXTH DEFENSE

### (Penalties)

26.    Plaintiff's Complaint fails to allege facts sufficient to establish a claim for penalties under the California Labor Code, including, but not limited to, sections 203, 226, 98.6, 1102.5, and 2699.

### TWENTY-SEVENTH DEFENSE

### (Labor Code § 2856)

27.      Plaintiff's Complaint is barred by Labor Code section 2856 to the extent that Plaintiff failed to comply with all the directions of his employer, and such failure proximately caused the alleged losses for which Plaintiff seeks relief.

### TWENTY-EIGHTH DEFENSE

### (Failure to Inform Employer of Alleged Violations)

28.      The Complaint, and each cause of action contained therein, is barred because Plaintiff did not inform Defendant of any alleged failure to pay wages or commissions, or any alleged inaccuracies regarding his pay stubs.  Plaintiff did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his Complaint.

### TWENTY-NINTH DEFENSE

### (No Collective Bargaining Agreement)

29.      To the extent Plaintiff's thirteenth cause of action or any other claim Plaintiff asserted in the Complaint is premised on Labor Code section 222, the claims are barred because Plaintiff was not a union employee and none of the terms of his employment were governed by a collective bargaining agreement.

### THIRTIETH DEFENSE

### (*De Minimis* Doctrine)

30.      Plaintiff's claims fail to the extent that even if Plaintiff was not paid for any work performed while employed by Defendant, which Defendant denies, such work is *de minimis*, as articulated under *Troester v. Starbucks Corp.*, 5 Cal. 5th 829 (2018).

### THIRTY-FIRST DEFENSE

### (No Injury)

31.      Plaintiff's claim for penalties pursuant to California Labor Code section 226 fails because Plaintiff has not suffered any injury as a result of the challenged statutory violation.

**THIRTY-SECOND DEFENSE**

**(Waiting Time Penalties/Failure to Pay Commissions)**

32.    Plaintiff's claims are barred in whole or in part because Defendant paid Plaintiff all compensation owed to him during and at the conclusion of his employment and/or there was a good faith dispute as to whether such compensation was due.

**THIRTY-THIRD DEFENSE**

**(Ambiguous Terms)**

33.    The Complaint, and each purported cause of action alleged therein, is barred to the extent it is based on an alleged contract containing ambiguous terms, such that it is unenforceable.

**THIRTY-FOURTH DEFENSE**

**(Comparative Fault of Plaintiff and/or Others)**

34.    Breach of contract or other fault or misconduct of Plaintiff and/or other non-parties directly and proximately contributed to Plaintiff's alleged damages, which conduct either bars or reduces the recovery sought by Plaintiff.

**THIRTY-FIFTH DEFENSE**

**(Statute of Frauds)**

35.    Plaintiff's Complaint is barred or limited in whole or in part by the statute of frauds.

**THIRTY-SIXTH DEFENSE**

**(Parol Evidence Rule)**

36.    Plaintiff's Complaint is barred or limited in whole or in part by the parol evidence rule.

**THIRTY-SEVENTH DEFENSE**

**(Failure of Conditions)**

37.    Plaintiff's Complaint is barred or limited in whole or part by the failure of conditions precent, concurrent, and/or subsequent.

**THIRTY-EIGHTH DEFENSE**

**(Full Performance)**

38.    Plaintiff's Complaint, and each cause of action asserted therein is barred or limited in whole or part by Defendant's full performance of any obligation it may owe to Plaintiff.

9

89397081v.4

### THIRTY-NINTH DEFENSE

### (Unconscionability)

39.      Plaintiff's Complaint, and each cause of action asserted therein is barred or limited in whole or part on the grounds that any contracts or agreements Plaintiff seeks to enforce are unconscionable.

### FORTIETH DEFENSE

### (Mistake, Fraud, Duress, Undue Influence)

40.      Plaintiff's Complaint, and each cause of action asserted therein is barred or limited in whole or part by reasons of mistake of fact and/or law, fraud, duress, or undue influence.

### RESERVATION OF RIGHTS

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims.  Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendant further reserves the right to amend its answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by way of his Complaint;

2.      That the Complaint be dismissed in its entirety with prejudice;

3.      That judgement be entered in favor of Defendant and against Plaintiff on his entire Complaint and on all causes of action alleged therein;

4.      That Defendant be awarded reasonable attorneys' fees according to proof;

///

///

///

///

///

///

DEFENDANT FLOOR AND DECOR OUTLETS OF AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
89397081v.4

5.      That Defendant be awarded the costs of suit herein incurred; and

6.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: December 5, 2022                              Respectfully submitted,

                                                    SEYFARTH SHAW LLP


                                            By: _____
                                                    Jamie C. Pollaci
                                                    Catherine S. Feldman
                                                    Attorneys for Defendant
                                                     FLOOR AND DECOR OUTLETS OF
                                                    AMERICA, INC.

DEFENDANT FLOOR AND DECOR OUTLETS OF AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                            )  SS
COUNTY OF                    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On December 5, 2022, I served the within document(s):

**DEFENDANT FLOOR AND DECOR OUTLETS OF AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Raymond Babaian                        ***Attorneys for Plaintiff David Kovalsky***
Mikoe Tretola (State Bar No. 342787)
VALIANT LAW                            Tel: 909 677 2270
800 Ferrari Lane, Suite 100            Fax: 909 677 2290
Ontario, California 91764              E-mail:  rb@valiantlaw.com; mzt@valiantlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 5, 2022, at Los Angeles, California.

_____
Maria Torres-Masferrer

89994419v.1

# EXHIBIT D

1
SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
2
E-mail: jpollaci@seyfarth.com
Catherine S. Feldman (SBN 299060)
3
E-mail: cfeldman@seyfarth.com
2029 Century Park East, Suite 3500
4
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
5
Facsimile:    (310) 201-5219

6
Attorneys for Defendant
FLOOR AND DECOR OUTLETS OF
7
AMERICA, INC.

8

9

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 0 6 2022

Sherri R. Carter, Executive Officer/Clerk
By: Patricia Figueroa, Deputy

10

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

11

12

13
DAVID KOVALSKY, an individual,

Plaintiff,
14

v.
15

16
FLOOR AND DECOR OUTLETS OF
AMERICA, INC, a Delaware corporation;
17
TIMOTHY FRONING, an individual;
GRETCHEN TOTH, an individual; and DOES 1
18
through 20, inclusive,

Defendants.
19

Case No. 22STCV33282

**PEREMPTORY CHALLENGE TO
JUDICIAL OFFICER PURSUANT TO
C.C.P. 170.6; DECLARATION OF
CATHERINE S. FELDMAN IN SUPPORT
THEREOF**

Trial Date: None Set
Date Action Filed: October 12, 2022

20

21

22

23

24

25

26

27

28

PEREMPTORY CHALLENGE TO JUDICIAL OFFICER; DECLARATION OF CATHERINE S. FELDMAN
89397612v.1

COPY

BY FAX

1    TO THE SUPERIOR COURT AND TO PLAINTIFF DAVID KOVALSKY AND HIS

2    ATTORNEYS OF RECORD:

3    **PLEASE TAKE NOTICE** that Defendant Floor and Decor Outlets of America, Inc. ("Floor and

4    Decor" or "Defendant") hereby moves pursuant to California Code of Civil Procedure section 170.6 to

5    disqualify the Honorable Michael L. Stern, the judge to whom this matter has been assigned for all

6    purposes, and request that no matters hereinafter arising in this case be heard or assigned to Judge

7    Michael L. Stern on the ground that said judge is prejudiced against Defendant and its attorneys, and the

8    interests of Defendant and its attorneys.  Accordingly, Defendant and its attorneys believes that

9    Defendant cannot have a fair and impartial trial before said judge.

10    This Peremptory Challenge is based on the matters contained herein, section 170.6 of the

11    California Code of Civil Procedure and the supporting declaration of Catherine S. Feldman filed and

12    served concurrently herewith.

13    WHEREFORE, Defendant respectfully requests that the Court grant the relief sought.

14

15    DATED: December 6, 2022                     Respectfully submitted,

16                                                SEYFARTH SHAW LLP

17

18                                                By: _____

19                                                   Jamie Pollaci
                                                     Catherine S. Feldman
20                                                   Attorneys for Defendant
                                                     FLOOR AND DECOR OUTLETS OF
21                                                   AMERICA, INC.

22

23

24

25

26

27

28

PEREMPTORY CHALLENGE TO JUDICIAL OFFICER; DECLARATION OF CATHERINE S. FELDMAN
89397612v.1

## <u>DECLARATION OF CATHERINE S. FELDMAN</u>

I, Catherine S. Feldman, declare as follows:

1.      I am an attorney with the law firm Seyfarth Shaw LLP, counsel of record for Floor and Decor Outlets of America, Inc. ("Floor and Decor" or "Defendant") in the above-captioned action.  I have personal knowledge of the facts set forth in this declaration, and would and could competently testify thereto if called upon to do so.

2.      This case has been assigned for all purposes to the Honorable Michael L. Stern in Department 62 of the above-entitled Court.

3.      I am informed and believe that the Honorable Michael L. Stern is prejudiced against Defendant and its attorneys, and the interests of Defendant and its attorneys, such that Defendant and its attorneys believe that they cannot have a fair and impartial trial before said judge.

4.      This peremptory challenge is filed within the time limits set forth in Code of Civil Procedure section 170.6, because it was filed within fifteen (15) days of Defendant's first appearance in the action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 6, 2022, at Los Angeles, California.

_____
                Catherine S. Feldman

PEREMPTORY CHALLENGE TO JUDICIAL OFFICER; DECLARATION OF CATHERINE S. FELDMAN
89397612v.1

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA                    )
                                         )  SS
3 COUNTY OF                              )

4        I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California
5 90067-3021.  On December 6, 2022, I served the within document(s):

6        **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER PURSUANT TO C.C.P. 170.6;**
         **DECLARATION OF CATHERINE S. FELDMAN IN SUPPORT THEREOF**

7

8  ☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid,
      in the United States mail at Los Angeles, California, addressed as set forth below.

9  ☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth
      below.

10

11 ☐  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a
      sealed envelope or package provided by an overnight delivery carrier with postage paid on
12    account and deposited for collection with the overnight carrier at Los Angeles, California,
      addressed as set forth below.

13 ☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth
      below.

14

15     Raymond Babaian                         ***Attorneys for Plaintiff David Kovalsky***
       Mikoe Tretola (State Bar No. 342787)
16     VALIANT LAW                             Tel: 909 677 2270
       800 Ferrari Lane, Suite 100            Fax: 909 677 2290
17     Ontario, California 91764              E-mail:  rb@valiantlaw.com; mzt@valiantlaw.com

18

19     I am readily familiar with the firm's practice of collection and processing correspondence for
mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with
20 postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
after date of deposit for mailing in affidavit.

21

22     I declare under penalty of perjury under the laws of the State of California that the above is true
and correct.

23     Executed on December 6, 2022, at Los Angeles, California.

24                                         _____
                                                    Maria Torres-Masferrer
25

26

27

28

89994419v.1